No. 24,522.

C. W. WILSON, *Appellant*, v. T. R. DOOLITTLE, *Appellee*.

SYLLABUS BY THE COURT.

1. SALE OF JACK—*Warranty Against Sterility—Purchaser Entitled to Time to Test the Jack as a Foal-getter—No Waiver of Purchaser's Right to Rescind Contract.* In a contract of the sale of a male animal with a warranty against sterility, the buyer is entitled to reasonable time to ascertain whether the animal meets the requirements of the warranty and in which to exercise the right of rescission for failure of the warranty and the fact that he expresses doubts about the breeding qualities of the animal, but still retains and continues its use thereafter will not preclude a rescission of the contract if such retention and use was actually necessary to a test of its qualities.

2. SAME—*Retention of Jack at Request of Seller—No Waiver of Right to Rescind.* Nor would the buyer waive the right of rescission if the further retention and use of the animal was at the request of the seller in order that al further test as to its breeding qualities might be made or to enable the seller to dispose of it to another party.

3. SAME—*Certain Assignments of Error Not Subject to Review.* In the absence from the record of the instructions given by the court or of a statement that the rule of the requested instruction was not given, the refusal of the request is not open to review on appeal as in the absence of a showing of error the presumption is that the instructions given were correct and complete.

Appeal from Cheyenne district court; WILLARD SIMMONS, judge. Opinion filed November 10, 1923. Affirmed.

*E. E. Kite,* of St. Francis, and *W. S. Langmade,* of Oberlin, for the appellant.

*J. L. Finley,* of St. Francis, and *C. A. P. Falconer,* of Atwood, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action on a promissory note for $1,000 executed by the defendant, and to foreclose a chattel mortgage given to secure the payment of the note, upon a jack which Wilson had sold to Doolittle. The defendant prevailed and plaintiff appeals.

The defendant admitted the execution of the note and the mortgage, but he alleged that the plaintiff warranted that the jack was a good foal-getter and would produce sixty-five per cent of colts from the mares bred, that his only value was as a breeding animal and that he was almost entirely barren. He alleged further that he repudiated the sale in. the fall of 1920, and notified the plaintiff of the breach of warranty but that plaintiff refused to accept a return of the jack and defendant was compelled to keep and feed him. He prayed judgment for the cancellation of the note and mortgage and that he be allowed damages in the sum of $500 for the expenses of keeping the jack and for the loss otherwise sustained.

The plaintiff denied that there was a warranty, denied that the defendant had tendered back the jack and alleged that he had in fact demanded the possession of the jack from the defendant, which was refused. The jury in answer to special questions among other things found that the plaintiff made a warranty at the time of sale, as alleged by defendant, that there was a failure of the warranty and that the defendant had within a reasonable time offered to return the jack in question to the plaintiff.

One ground of error is assigned on the refusal of the court to sustain the demurrer to defendant's evidence. The burden of proof of the warranty was of course upon the defendant, but it appears that sufficient evidence was produced to show·that the alleged warranty was part of the contract. There is a contention that defendant was not entitled to avail himself of the warranty because he kept and used the jack after the discovery of his imperfections and that defendant's course of action was inconsistent with a rescission of the contract. The defendant did observe in September following the sale that a number of mares that had been bred were returned again and he made complaint of that to the plaintiff. From the evidence it appears that he did not fully determine that it was the fault of the jack nor ascertain that he was actually sterile until the follow-

ing fall and winter. Defendant was entitled to a reasonable time to test out the matter of sterility before repudiating the contract of sale, and the fact that he may have expressed doubts and objections about the breeding qualities of the animal before repudiating the contract and continued to use him thereafter did not preclude a rescission of the contract if the continued use was a necessary test of the qualities of the jack. (24 R. C. L. 293.) In view of the conditions of the warranty the period necessary to make a satisfactory test and the circumstances revealed in the testimony, it cannot ·be said that defendant lost the right of rescission by his delay in tendering a return of the animal. There was testimony to the effect that he told plaintiff of the failure of the warranty in February following the breeding season and at that time offered to return the jack and further stated that he would not pay the note given for him. There was also evidence to the effect that plaintiff stated on one occasion when defendant made complaint as to the sterility of the jack that if defendant would go home, allow the jack to remain in that community and keep still about the sterility the plaintiff would sell the animal. This testimony tends to show a mutual rescission of the contract by the parties. Something is said about an offer of defendant to sell or trade the jack to the third party, but accepting that as proven it would only have been carrying out of the proposed plan of aiding the plaintiff to sell his jack. The continued retention and use of the animal at the request of plaintiff either for a further test or to give plaintiff a chance to sell to another, would not be a waiver of the right of rescission.

A contention is made that certain findings of the jury are without support in the evidence, but it is without merit.

Error is assigned on the failure of the court to give the jury a requested instruction that an offer to sell the jack is inconsistent with the repudiation of the contract and therefore a verdict should be given for plaintiff. In the condition of the record this question is not open to review. The instructions given by the court have not been brought into the record and if it be assumed that the one requested was an application and correct statement of the law, it cannot be said that the requested rule was not stated in the charge given. What the instructions given were and to what extent this subject was treated by the court is not shown and besides there is no statement in the abstract that the court omitted to charge the

jury upon the principle of the requested instruction. In the absence of the instructions it must be presumed that they were correct, fairly covered the issues in the case and the appropriate principles of law.

Judgment affirmed.