No. 28,995.

GEORGE L. TUER, *Appellee*, v. W. C. WAYLAND, *Appellant*.

(283 Pac. 661.)

Opinion filed January 11, 1930.

*J. R. Hyland*, of Washington, for the appellant.

*Edgar Bennett* and *A. C. Bokelman*, both of Washington, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an action brought by George L. Tuer to recover damages for injuries to his automobile and certain clothing in the overturning of the automobile caused, it is alleged, by the negligence of the defendant. Damages in the sum of $400 were recovered. The defendant has appealed.

The questions involved are, first, the exclusion of evidence that a witness smelled intoxicating liquor on one of the party in the automobile other than the plaintiff. There was nothing to show that plaintiff had been drinking liquor or that he had ever done so. Obviously there was no error in the ruling.

The principal question presented is whether the injury was the

result of plaintiff's contributory negligence. There was testimony to the effect that a bridge was being built for the county by the defend-, ant, a contractor, and that there was an excavation across the highway with a narrow detour at the edge of the highway to enable parties to go around the excavation over which the bridge was being built. Near the bridge there had been an ordinary danger sign up until the day before the accident, but it was down at the time the accident occurred. A pile of brush about three or four feet high had been placed on the highway as a barrier, and it extended across the traveled part of the highway. The plaintiff driving north approached the bridge about nine o'clock at night driving at a speed of about twenty-five miles an hour. He had good lights on his automobile and the car was under perfect control. There was a slight downward slope in the road leading towards the bridge. Plaintiff saw the brush pile when he was about 50 to 75 feet from it. He stated that he applied the brakes and turned to the left with a view of going around it and went into the ditch, overturning his car and injuring it as well as the clothing of members of his family. He admits that his wife warned him that there was an obstruction ahead and then he turned to the left and in doing so the car was overturned. He stated that he could have stopped his car within its length, at most within twenty feet. The barricade of brush consisted of poles from three to six inches thick with branches and foliage attached. The leaves thereon had withered to some extent.

The defendant contends that while the law required the contractor to provide warning signs and mark the detour, it is unquestioned that the plaintiff saw the brush-pile barrier which afforded him a warning as effective as statutory signs would have done, and that in failing to stop the car he was guilty of contributory negligence. Plaintiff says that although the barrier was seen by him the brush was dry, the leaves withered, and that the lights of his car shone through it and that it did not constitute a warning. The findings of the jury respecting the questions follow:

"1. How far south of the pile of brush could the plaintiff with reasonable and due diligence have first seen such brush or obstruction? A. About 50 or 60 feet.

"2. Did plaintiff in fact see such pile of brush? A. He claimed he saw some object.

"3. At what rate of speed was the plaintiff driving his automobile immediately prior to his making the turn to the detour? A. About 20 to 25 miles.

"4. In what distance could plaintiff have stopped his car at the speed he

was driving when he could with due diligence have seen the pile of brush? A. About 20 to 25 feet.

"5. At what distance could the plaintiff, by the use of the headlights on his car, see to distinguish objects ahead of him upon the highway? A. About 35 or 40 feet.

"6. How far to the north of the detour was the pile of brush? A. About 15 feet.

"7. How far to the north of the pile of brush was the bridge under construction? A. About 47 feet.

"8. Could the plaintiff if he had looked ahead have seen the pile of brush in time to avoid the injury? A. We don't know.

"9. Do you find that the plaintiff was guilty of contributory negligence? A. We don't think so."

It may be assumed that it was the duty of the defendant to have placed other lights and warnings required by the statute and that he was negligent in that respect. He alleged that such warning signs had been provided and put up but that some of them had been taken down by the highway authorities the day previous to the accident. It appears that he did provide as a warning sign a barrier of poles and brush, 3 to 4 feet high, about 15 feet from the excavation made for the bridge. With the lights on plaintiff's car, this barrier could have been seen by plaintiff 50 to 60 feet before reaching it. He not only could have seen the warning, but he admits that he did actually see it. He was running his car at a moderate rate of speed and could have stopped within 20 to 25 feet. His wife, riding with him, saw the obstruction and called his attention to it. He applied his brakes but did not stop the car to make an investigation of the danger against which the barrier was provided. Instead he drove on and as he approached, turned aside into the ditch. The special findings of the jury, which control the general verdict, compel the conclusion that the accidental injury might have been avoided if he had taken ordinary precaution, and the injury must therefore be regarded as the result of plaintiff's contributory negligence. The findings are consistent with plaintiff's testimony, and while the jury returned a general verdict in his favor, the facts found by the jury should have led to a verdict for defendant. It has been held that it is negligence as a matter of law to drive an automobile in the night-time at such a speed that it cannot be stopped within the radius of its headlights or within a distance that objects, obstructions and danger signals ahead of it can be seen. (*Fisher v. O'Brien,* 99 Kan. 621, 162 Pac. 317.) Here the obstruction and danger signal was

within the range of plaintiff's headlights and were seen by him when he had abundant time to stop his car before reaching the obstruction. If he had observed the admonition of the danger signal, stopped his car and investigated conditions there, he could have prevented the accident. In *Haines v. Carroll*, 126 Kan. 408, 267 Pac. 986, the doctrine of *Fisher v. O'Brien*, supra, was approved and followed. There a car without lights was standing on the side of the road. The plaintiff driving his automobile with sufficient lights saw the unlighted car about 50 or 60 feet ahead of him and had opportunity to turn out and avoid a collision. He attempted to turn out and go around the defendant's car, but his car caught the back end of plaintiff's car and in the collision an injury resulted. There the plaintiff was traveling at a speed of 20 to 25 miles per hour and he could have seen the defendant's car 50 to 60 feet ahead of him as he approached. Although the jury found in favor of the plaintiff and acquitted him of the charge of contributory negligence, this court on appeal held, as a matter of law, that under the findings fixing the distance plaintiff could have seen the defendant's car as he approached it, and the rate of speed he was traveling at the time and the distance within which he could have stopped the car after discovering the standing car, the plaintiff was guilty of contributory negligence and upon the findings directed judgment in favor of the defendant. (See, also, *Giles v. Ternes*, 93 Kan. 140, 143 Pac. 491; *Rhoades v. Railway Co.*, 121 Kan. 324, 246 Pac. 994; *Curry v. Wichita Railroad & Light Co.*, 128 Kan. 537, 278 Pac. 749; Note in 44 A. L. R. 1403.)

Following these authorities, the judgment must be reversed and the cause remanded with the direction to enter judgment for defendant.

JOCHEMS, J., not participating.