No. 30,640.

HOWARD WOMOCHIL, *Appellee*, v. THE LIST & CLARK CONSTRUCTION COMPANY, *Appellant.*

(11 P. 2d 731.)

Opinion filed June 4, 1932.

*T. M. Lillard, Bruce Hurd, O. B. Eidson,* all of Topeka, *I. N. Watson, H. N. Ess, P. C. Groner, P. V. Barnett* and *C. E. Whittaker,* all of Kansas City, Mo., for the appellant.

*W. H. Carpenter* and *W. R. Carpenter,* both of Marion, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action for damages for injuries sustained by plaintiff and caused by the alleged negligence of defendant

through its failure to put up sufficient warning lights and signs to apprise motorists of an excavation it had made on the public highway.

On the afternoon of April 8, 1931, defendant made an excavation on highway No. 15 in Dickinson county for the purpose of constructing a culvert. The excavation extended the full width of the north-and-south road, and was four to six feet deep and seven or eight feet wide. That evening defendant placed a barricade on the highway about forty-five feet south of the excavation and a similar barricade about the same distance north of it. Each barricade consisted of a cross made of two-by-four scantlings standing upright in the middle of the road and two two-by-six planks which were laid across the road. In the center of the road one end of each plank rested in the cross made of the scantlings, and together these planks formed an obtuse angle of a triangle whose base was the width of the traveled part of the road. Defendant did not place on the road any other warning signs or lights, nor did it set any mark to indicate the temporary detour necessitated while the culvert was being constructed.

About eight o'clock the same evening plaintiff drove northward over this highway in a Ford roadster at a speed which he estimated at thirty to thirty-five miles an hour. He testified that he could stop his car in seventy-five feet when traveling at that speed. He also testified that his auto lights were burning and that they would permit him to see objects for a distance of fifty feet ahead of him—"a little further, maybe." The evening was dark and rainy and he did not see the barricade as he approached the excavation from the south; his car struck it and his lights were extinguished; he drove into the excavation and sustained injuries to himself and damages to his car.

This lawsuit followed. The main defense of present concern was plaintiff's contributory negligence. At the trial, after plaintiff rested, defendant's demurrer to the evidence was sustained.

Later and during the same term plaintiff moved to set aside the judgment, which motion was sustained. The court said:

"The demurrer was sustained on the theory that the plaintiff's evidence showed facts which as a matter of law constituted contributory negligence. It was upon the theory that the barrier on the highway could have been seen by the driver of the automobile, and had he been driving at such speed that his car could have been stopped within the range of his vision, he could have avoided the collision. Had the driver seen the obstruction a different question

would be presented, but it was not as a matter of law negligence on his part to fail to observe the barrier." (Citing and quoting from *Water Co. v. Whiting*, 58 Kan. 639, 50 Pac. 877, 29 C. J. 699-700; 58 A. L. R. 1482; 45 C. J. 954.)

"The court is of the opinion that the matter of contributory negligence of the plaintiff should have been submitted to the jury and the motion to set aside the judgment should be sustained. It is so ordered."

The journal entry reads:

"And now on this 9th day of November, 1931, and at the same term of said court, the court finds that the motion of said plaintiff to set aside said judgment should be, and the same is hereby sustained, and said judgment heretofore rendered in favor of said defendant upon the ruling sustaining said defendant's demurrer to the plaintiff's evidence is set aside."

Defendant appeals, specifying error as follows:

"The court erred in sustaining plaintiff's motion to set aside the judgment which had been entered in favor of the defendant upon the order of the court sustaining defendant's demurrer to the evidence."

Defendant makes a vigorous argument that plaintiff was guilty of contributory negligence as a matter of law. The fact that plaintiff admits he did not see the barricade is urged as conclusive proof that he had not been keeping a vigilant outlook ahead of him. But there was testimony that the night was dark and rainy, and that a short distance south of the barricade there was a slight knoll which plaintiff's car had to climb which would throw his lights above the barricade and that they would not reveal the barricade until he was close to it. When he struck something (the barricade) which put out his lights he pushed on his brakes until the car began to sway, so he eased on them—which was not an unreasonable thing to do, especially as he was quite familiar with the road and had no reason to expect that there was a pitfall immediately ahead of him. It is also argued that defendant's contributory negligence was established by his own testimony that he was driving at such a rate of speed that he could not stop his car within the distance its headlights would reveal the road to be free of obstructions. This court has often held that it is negligence as a matter of law to drive an automobile on a public road on a dark night at such a speed that it cannot be stopped within the radius of its headlights or within the distance that objects, obstructions or danger signals can be seen. (*Tuer v. Wayland*, 129 Kan. 458, 283 Pac. 661, and citations.) Plaintiff's evidence was that at the rate he was driving he could stop his car in seventy-five feet. He also testified that the radius

of his headlights would enable him to see objects or obstructions "probably fifty feet; a little further, maybe . . . not a great deal further." Such evidence measurably approaches proof of plaintiff's contributory negligence; but still we think the circumstances, the contour of the road, the want of the statutory warning signs and the inconsequential character of the barricade which might not be readily discernible on that dark and drizzling night, made the question one for the jury and not determinable as a matter of law. (*Billings v. Aldridge*, 133 Kan. 769, 3 P. 2d 639; *Hayden v. Jack Cooper Transport Co.*, 134 Kan. 172, 5 P. 2d 837.) Other recent cases to the same effect are: *Stanger v. Hunter*, 49 Ida. 723; *Rotefsky v. Bova*, 274 Mass. 23, 174 N. E. 192; *Spreng v. Flaherty* (Ohio App. 1931) 177 N. E. 528; *Williams v. Express Lines*, 198 N. E. 193; *Morehouse v. Everett*, 141 Wash. 399, 58 A. L. R. 1482, and note.

If there were any doubt about the soundness of the foregoing conclusion it would seem that the ruling of the trial court would have to be affirmed for another reason. The trial court had full control of the cause during the term. Manifestly, on mature reflection it was not satisfied with the result. Even if the cause had gone to the jury and a general and special verdict had been returned with findings in accord with the evidence as now construed by appellant, nevertheless the court in the exercise of its discretion could have granted a new trial. (*Schubach v. Hammer*, 117 Kan. 615, 232 Pac. 1041.) Such was the practical effect of the trial court's final ruling and it cannot be disturbed.

The judgment is affirmed.

BURCH, J., dissenting.