No. 30,913.

C. F. CONWILL, *Appellant*, v. THE FAIRMOUNT CREAMERY COMPANY, ROY RAFFERTY and JOHN VANDINE, *Appellees*.

(18 P. 2d 193.)

Opinion filed January 28, 1933.

*Eustace Smith,* of Hutchinson, *John A. Etling, G. E. Wilson* and *Jerome K. Wilson,* all of Kinsley, for the appellant.

*H. W. Hart, Glenn Porter, Enos E. Hook, Edward H. Jamison, Getto Mc-Donald,* all of Wichita, *L. A. Flansberg* and *George A. Lee,* both of Lincoln, Neb., for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment sustaining a demurrer to the evidence adduced by plaintiff to sustain his cause of action against defendant for injuries sustained when plaintiff's automobile collided with the rear end of defendant's truck which was stalled on a public highway after dark and without lights.

The principal defense was contributory negligence which, according to the opinion of the trial court, was so conclusively established that it took the case from the jury; and this is the error complained of in this appeal.

The evidence was to this effect: On the evening of December 15, 1930, after dark, plaintiff was driving his automobile eastward on highway 50 S a few miles from Dodge City. At that time defendant's large creamery truck, in charge of two employees, was standing without lights on the highway facing eastward at the west entrance of a concrete bridge. The night was slightly misty and the road was damp and a little slippery. Plaintiff was driving at a rate of 30 to 35 miles per hour. As he approached the place of the accident he met a westbound automobile, the lights of which prevented him from seeing clearly ahead of him. Immediately behind this westbound car came another whose lights also obstructed plaintiff's view ahead. When he passed this second car he for the first time saw defendant's truck about 20 feet ahead of him. A third car was then approaching the bridge from the east so that plaintiff could not swerve to the left and miss the truck without danger of colliding with the third automobile, and the distance was too short in which to stop his own car, then traveling at 25 miles per hour, to avoid the collision with defendant's truck. Plaintiff was severely injured and his automobile materially damaged.

Plaintiff insists that his evidence was sufficient to take the case to the jury. Defendant contends that plaintiff's evidence disclosed that he was guilty of contributory negligence as a matter of law.

It need hardly be repeated that contributory negligence must be clearly established before that question of fact can properly be

withdrawn from the jury. To justify that course in the present case defendant directs attention to the fact that plaintiff was driving at a rate of 30 to 35 miles an hour when he was blinded by the lights of approaching automobiles. He could not see what was ahead of him on his side of the road, so he took a chance that the road was clear. Counsel for defendant concede that if a motorist is suddenly blinded so that he has nò opportunity to stop his car or slacken its speed he would not be guilty of negligence if he collided with something in the road. But here the fact is stressed that plaintiff was blinded first by the lights of one automobile and then another while he traveled some considerable distance, and even when he did collide with the truck he was, according to his own testimony, still traveling at the rate of 25 miles an hour. Defendant also directs attention to the fact that the night was misty and the road damp and somewhat slippery. Defendant also cites some of our recent cases not greatly different from this one in which this court held that plaintiff's own evidence did establish contributory negligence as a matter of law. (*Haines v. Carroll,* 126 Kan. 408, 267 Pac. 986; *Jones v. Atchison, Topeka & Santa Fe Rly. Co.,* 129 Kan. 314, 282 Pac. 593; *Tuer v. Wayland,* 129 Kan. 458, 461, 283 Pac. 661.) A majority of this court, however, are of the opinion that under the evidence adduced by plaintiff there is a closer analogy between the present case and those of *McCoy v. Pittsburg Boiler & Machine Co.,* 124 Kan. 414, 261 Pac. 30; *Womochil v. List & Clark Construction Co.,* 135 Kan. 695, 11 P. 2d 731; and *Witte v. Hutchins,* 135 Kan. 776, 12 P. 2d 724, where it was held that plaintiff's contributory negligence under quite similar circumstances was not so clearly established as to require or justify a ruling which would take the case from the jury.

It follows that the judgment must be reversed and the cause remanded for further proceedings consistent herewith.

It is so ordered.

THIELE, J., not participating.