No. 32,000

Mabel Brugh, *Appellant,* v. J. H. Albers, as Receiver, etc., *Appellee.*

(40 P. 2d 380)

Opinion filed January 26, 1935.

*John W. Adams* and *O. A. Keach,* both of Wichita, for the appellant.

*Austin M. Cowan, C. A. McCorkle, J. D. Fair, W. A. Kahrs* and *R. H. Nelson,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Dawson, J.: Plaintiff brought this action to recover damages for the death of her husband, who was killed on a winter morning before daylight when his automobile ran into the rear end of defendant's truck, which was standing on a public highway a few miles north of Wichita.

It appears that on February 27, 1932, one Sandlin, employee of defendant, had started out of Wichita with a truckload of merchandise. About twelve miles north of the city he ran out of gasoline, and left his truck standing on the paved highway while he went in search of motor fuel. The headlights of the truck and one of its rear lights were burning, but no other precautions were taken to warn travelers of its situation.

The same morning plaintiff's husband, Raymond M. Brugh, left Wichita northbound in his automobile loaded with merchandise. Shortly before 6 o'clock, which was before daylight at that time of

the year, he came to the place where defendant's truck was standing. The physical facts showed that Brugh's car collided with the right-hand corner of the rear end of the truck. His own car was wrecked. Witnesses who immediately arrived on the scene lifted Brugh, still conscious, from his car; and in response to a question he said that he had run into a truck parked on the pavement without lights. He died of his injuries a few days later.

Plaintiff's petition charged defendant with negligence in leaving its truck on the highway unattended and without rear-end lights or warning flares.

Defendant's answer contained a general denial, an admission of the fact that the accident had occurred at the time and place alleged, and pleaded various acts and omissions on Brugh's part constituting contributory negligence which barred a recovery.

Jury trial; special findings of fact; general verdict for defendant; judgment accordingly; appeal.

Before considering the matters urged on this court's attention, space must be given to some of the special findings:

"2. If the said truck had been located completely off of this slab, to the east of said slab where the operator, Sandlin, left the truck standing, would decedent Brugh's automobile have collided with it? A. We suppose not.

"3. Could Sandlin have parked said truck on the shoulder adjoining the slab on the east and completely off of the paved slab? A. Yes.

. . . . . . . . . . . . . .

"6. Was any warning light or flare placed at any distance in the rear of this truck while said truck was left standing by Sandlin without any one being present with it? A. No.

"7. Did the decedent Brugh first turn his automobile to the left, preparing to pass this truck on the left? A. Yes.

. . . . . . . . . . . . . .

"9. Do you find that a light was burning on the rear end of defendant's truck at the time of said collision? A. Yes.

"10. If you answer question No. 9 in the affirmative, then state at what distance south of the truck the light on the truck could be seen by one traveling north of said highway. A. About a half mile.

"11. If you answer question No. 9 in the affirmative, then state how far Raymond Brugh was south of said truck when he saw or could have seen the light on said truck. A. About a half mile.

. . . . . . . . . . . . . .

"13. What distance was Raymond Brugh south of the truck when said truck came within the range of his headlights? A. We do not know.

"14. Could the said Brugh have stopped his car without running into the truck after the truck came into the range of the headlights of his car? A. We do not know.

"15. Do you find that the defendant was guilty of negligence? A. Yes.

"16. If you answer question No. 15 in the affirmative, then state what acts of the defendant constituted negligence. A. Insufficient lights according to the law.

"17. Do you find that Raymond Brugh was guilty of contributory negligence? A. Yes.

"18. If you answer question No. 17 in the affirmative, then state what acts of Brugh's constituted such contributory negligence. A. He failed to keep his car under proper control, and failed also to keep a proper lookout.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"20. Do you find that said collision was the result of unavoidable accident? A. No."

On behalf of plaintiff it is first contended that she was entitled to judgment on the jury's findings and the evidence on every issue except the amount of damages. Plaintiff's counsel direct attention to special findings 2 and 3 (and Nos. 15 and 16 might be added thereto) which established defendant's negligence. Certainly; and the jury's findings on that issue of fact make it needless to discuss that phase of the case. But since the jury also found that Brugh had been guilty of contributory negligence (findings 9, 10, 11, 17, and 18), such a judgment as plaintiff now contends for could not be ordered under any rational theory of appellate review.

It is next contended that certain special findings of the jury should have been stricken out on plaintiff's motion, particularly Nos. 17 and 18. It is argued that these were not supported by any competent evidence and were inconsistent with findings 13 and 14. Touching the charge of inconsistency, that fact does not appear. At what distance defendant's truck would appear within the range of Brugh's headlights would depend on their effectiveness, but that point is of little importance since one light on the rear of the truck was visible for half a mile. Whatever the range of Brugh's headlights, he could have seen one rear light on the truck a half a mile before he reached the point of collision (findings 10 and 11). And as to finding 14, whether Brugh could have stopped his car before running into the truck would depend on its speed, and at what part of the half-mile distance his eye first caught sight of the truck's rear light.

On the point that findings 17 and 18 were not supported by the evidence the court is bound to hold otherwise. The evidence was partly in the circumstances, but the testimony of other motorists who used that highway that morning, some going north and others south, made it rather clear—or a jury might so conclude—that if

Brugh had been keeping an eye on the road ahead and had kept his car under proper control, the accident would not have happened. The jury's conclusion was therefore warranted that the misfortunate man was guilty of contributory negligence. (*Womochil v. List & Clark Construction Co.*, 135 Kan. 695, 697, 11 P. 2d 731; *Conwill v. Fairmount Creamery Co.*, 136 Kan. 861, 18 P. 2d 193; *Houdashelt v. State Highway Comm.*, 137 Kan. 485, 21 P. 2d 343.)

See, also, *Sponable v. Thomas*, 139 Kan. 710, 719, 720, 33 P. 2d 721.

Plaintiff cites cases like *Railway Co. v. Rhoades*, 64 Kan. 553, 68 Pac. 58, in which it is said that circumstantial evidence may be so formidable that the only reasonable conclusion that may be drawn therefrom is the theory sought to be established. Quite correct, of course; but who shall draw that only reasonable conclusion? The triers of fact, to be sure. And it is because the jury has drawn the reasonable conclusion from the circumstances, with such incidental evidence as the witnesses arriving shortly after the accident were able to supply, that its findings 17 and 18 will have to stand.

Plaintiff raises another point against finding 18, contending that Brugh's failure to keep his car under proper control was not pleaded. This point cannot be sustained. In defendant's amended answer, this defense, although not alleged in those precise words, was pleaded thus:

"3d: That if said accident occurred at the time and place alleged in plaintiff's petition, then the said Raymond M. Brugh was driving said car in such a manner and under such circumstances that he could not stop same within the range of vision of his headlights.

"4th: That said Raymond M. Brugh under the circumstances was operating his car at a high, dangerous and reckless rate of speed, to wit: sixty miles per hour.

. . . . . . . . . . . . . . . .

"6th: In failing to take any measure for his own safety."

Against finding 18 plaintiff also contends that Brugh's failure to keep his car under proper control was not a finding of fact but a conclusion of law. It was, indeed, a conclusion; but it was one of ultimate fact and fairly deducible from the evidence, the most significant features of which were the evidentiary circumstances. Plaintiff cites and quotes from the case of *Mostov v. Unkefer*, 24 Ohio App. 420, 426, in which it is said that it would be altogether improper "to hold every one who runs into it [an unlighted truck

on a highway] is guilty of contributory negligence as a matter of law." Very true; it would. Contributory negligence is commonly a jury question. It was so in the present case; and this court can see no excuse for overthrowing the jury's disposition of it.

Error is next urged on the trial court's refusal to give certain requested instructions. However, those which the court did give are not submitted for our inspection, and in the absence of some positive showing of their insufficiency this court must presume that those given clearly defined the issues and correctly stated the pertinent law. (*Wilson v. Doolittle*, 114 Kan. 582, 220 Pac. 508.)

The other matters urged against the judgment have been carefully considered, but they call for no further discussion. This lawsuit was simply a fact case and involved no abstruse legal questions. The record reveals nothing approaching the gravity of material error, and the judgment is affirmed.