No. 37,230

C. E. TUTTLE, *Appellant,* v. H. J. UHL, a Partnership of GRACE L. UHL and H. J. UHL, *Appellees.*

(195 P. 2d 585)

Opinion filed July 10, 1948.

*A. D. Weiskirch,* of Wichita, argued the cause, and *George B. Collins, C. L. Williams* and *Oliver H. Hughes,* all of Wichita, were with him on the briefs for the appellant.

*W. A. Kahrs,* of Wichita, argued the cause, and *Austin M. Cowan, Robert H. Nelson* and *Clarence N. Holeman,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages alleged to have been sustained by the plaintiff when the automobile in which he was a passenger, being driven by his son, collided with a trailer truck. Judgment was for the defendant partnership. Plaintiff has appealed.

After the formal allegations, the petition alleged that the plaintiff was riding in his Buick automobile in company with his son, the defendants were operating an International 1½ ton C-30 truck pulling a Spencer pole trailer with an oil field engine bed, having a width in excess of 88 inches and over-all length of 33 feet, and a length of approximately 25 feet from the pivot behind the cab to the trailer end, with the bed of the trailer approximately 4½ feet from the ground, and constructed of an iron frame with iron legs protruding below the bed of the trailer; that Branch Highway 96 runs in a northerly and southerly direction between Keighley and Howard, Kan.; that on December 16, 1945, at about 6:20 in the evening, the automobile was being driven by plaintiff's son in a northerly direction on Branch Highway 96 in a careful and prudent manner and with due regard to the condition of the highway, which was covered with snow and ice, and at a certain point plaintiff observed 100 feet south of his position what he took to be an approaching truck on its proper side of the highway with its lights burning; that his son thereupon dimmed his lights and proceeded down grade to a point within fifteen or twenty feet of the truck when the plaintiff saw an unlighted trailer bed about four or four and one-half feet above the ground; that he yelled "look out" to his son; his son applied his brakes and turned the automobile to the right, but was unable to avoid a collision which caused the automobile to come to rest pinned under the bed of the trailer at the extreme east side of the highway; that the collision was caused solely by the negligence of the driver because the collision occurred on a hill and when the driver of the truck had reached that point in the highway where his truck was stalled was only able to progress part way up the hill and then slid back down with the cab on its proper side of the highway and the trailer jackknifed to the east across the entire road bed; that at the time in question the

truck and trailer were being operated without chains when the defendant driver knew or should have known that the hill could not be ascended by the truck without using them; that the bright lights of the truck were permitted to remain on; that the defendant driver failed to put out flares or other warnings; failed to blow his horn; and the truck was not equipped with side marker lamps; and this negligence was the proximate cause of injury to the plaintiff.

In answer, the defendants alleged first, a general denial, except that they admitted an accident had happened and the truck involved belonged to them; that it was jackknifed on the highway due to the icy condition but without any negligence on the part of the defendants. Defendants alleged further that the car in which plaintiff was riding and its driver had opportunity to observe defendants' truck for a distance of at least one hundred feet; that the car was being driven at an excessive rate of speed and without due care and in such a manner that the driver could not bring his car under control in time to avoid the collision; that the plaintiff's injury was the result of the negligence of the driver of the car and that at the time of the collision the driver of the car and the plaintiff were on a joint mission and the driver of the plaintiff's car was guilty of negligence in operating it at a high rate of speed and failing to bring it under control; in operating it without proper lights and in such a manner that he should have seen defendants' truck and trailer on the highway and with faulty brakes and making no attempt to avoid the accident and in failing to stop his car although he had the last clear chance to do so; that this contributory negligence was imputed to the plaintiff and hence he could not recover; and plaintiff was guilty of negligence in failing to keep a proper lookout for his own safety.

The reply was a general denial of the allegations of the answer.

The issues were submitted to a jury which returned a verdict for defendants and answered special questions. These were as follows:

"1. How far away was plaintiff when he first observed the headlights of defendants' truck? A. Approximately 150 feet.

"2. How far ahead of plaintiff's car was the trailer at the time plaintiff or his driver first observed it? A. Approximately 20 feet.

"3. How many feet between the apex of the hill and the trailer? A. Approximately 160 feet.

"4. Was plaintiff's car at all times immediately prior to reaching the apex of the hill being operated so that it could be stopped within the range of vision of its headlights? A. No.

"5. What was the condition of the highway between the apex of the hill and the point of collision? (a) On defendants' side of the highway? A. Snow and icy. (b) On plaintiff's side of the highway? A. Snow and icy.

"6. What was the speed of plaintiff's car at the time it—(a) Reached the apex of the hill? A. Approximately 35 miles per hour. (b) At the point of collision? A. 25 miles per hour.

"7. Was the plaintiff, or his driver's vision impaired by lights on the defendants' truck? A. Yes.

"8. If you answer the foregoing question in the affirmative, then state whether such vision was—(a) Momentarily impaired? A. Yes. (b) Continued to be impaired until the time of the collision? A. No.

"9. Was the collision unavoidable? A. No.

"10. Do you find the defendant guilty of any negligence which was the proximate cause of the collision? A. Yes.

"11. If you answer the foregoing question in the affirmative, then state the act or acts of negligence found against the defendants? A. Failure to dim lights.

"12. Was the driver of plaintiff's car guilty of any negligence which was the proximate cause or contributed to the collision? A. Yes.

"13. After the truck and trailer came to a stop, did the driver do all that an ordinary prudent person would do under the circumstances to prevent plaintiff running into the trailer? A. Yes."

The plaintiff filed a motion for a new trial on the grounds of erroneous rulings and instructions; that the verdicts were given under the influence of passion and prejudice and were contrary to the evidence; and on account of newly discovered evidence. He also filed a motion to set aside the answers to special questions 4, 6, 12 and 13 and for a new trial solely upon the question of damages because the answers clearly disclosed negligence on the part of defendants and that plaintiff was not negligent. These motions were all overruled and judgment entered in accordance with the verdicts. Hence this appeal.

The specifications of error are that the court erred in overruling the appellant's motion to set aside answers to special questions, in overruling his motion for judgment notwithstanding the verdict, in overruling his motion for a new trial, and in entering judgment.

The argument of plaintiff that the answer to question No. 4 should have been set aside is that it should not have been submitted because it was not material to the issues how the car of plaintiff was being operated prior to reaching the apex of the hill since in no event could the driver have seen the truck and trailer until it had passed that point. The answer to this question makes but little difference in the outcome of this appeal in view of other find-

ings of the jury. It has a little bearing, however, on the answer to special question No. 6. At any rate, it was not so prejudicial as to warrant the ordering of a new trial.

The answer to question No. 12 is really the crux of this appeal. By that answer the jury found the driver of plaintiff's car guilty of negligence, which was the proximate cause of or contributed to the collision. Plaintiff argues this answer should have been stricken because it was contrary to the evidence and not sustained by any evidence. As the findings now stand, both the defendants and the driver of plaintiff's car were found to be negligent. If the answer to question 12 should be stricken then we would have a finding that the defendants alone were negligent. If there was any supporting evidence to substantiate finding 12 then it should not be stricken.

The undisputed evidence disclosed that defendant's truck had come to rest some distance below the apex of the hill. Plaintiff's witnesses placed this distance at 100 feet. Defendant's witnesses placed it at about 150 feet. Plaintiff's witnesses testified that the lights from the truck shone directly up the road. Defendant's witnesses testified they shone a little to the west. The evidence is undisputed that the trailer had skidded across the highway to the east and finally came to rest so as to block the entire highway. This had happened only a few minutes before the collision. The highway was slippery on account of being covered with snow and ice. Plaintiff's witnesses testified that the car in which he was riding came over the apex of the hill at a speed of between twenty-five and thirty miles per hour. Defendant's witnesses testified it was traveling at a speed of at least forty-five miles per hour. The testimony of plaintiff's driver is that as he came over the apex of the hill at a speed of twenty-five or thirty miles per hour he saw about 100 feet ahead of him what appeared to be a stationary truck with its lights on coming from the opposite direction and in its own proper lane of traffic. He testified that he slackened his speed, pulled over to the right, and while his vision was somewhat impaired by the bright lights of the truck he proceeded cautiously and just as he passed the bright lights of the truck he saw the bed of the trailer about ten or fifteen feet ahead of him, at which time he put on his brakes and almost at once hit the trailer.

Plaintiff concedes the rule to be as we have announced in many cases where we have held that one traveling on the highway in the

night must have his car under such control that he can stop it within the distance of an object shown by his headlights. He relies, however, on cases such as *Sponable v. Thomas,* 139 Kan. 710, 33 P. 2d 721, where we held that in view of the peculiar facts and circumstances plaintiff, who had collided with another car or truck, was not negligent as a metter of law but that it was a jury question. The position of the plaintiff here is the converse. He really asks us to hold that under all the facts and circumstances his driver, as a matter of law, was not negligent. This we cannot do. In addition to the evidence already detailed a witness for the defendants testified that his truck had just come to a standstill when he saw plaintiff's car coming about 150 or 200 feet away; that he got out on the running board of his truck, took off his cap and tried to flag them down, and "It didn't look like it slowed down one bit. It just kept coming and I kept flagging until it hit me." This case is analogous to *Brugh v. Albers,* 141 Kan. 223, 40 P. 2d 380. There under somewhat similar circumstances the plaintiff's husband was killed. The jury in answer to a special question found that he was negligent and that his negligence consisted of not having his car under proper control and failing to keep a proper lookout. On appeal we pointed out that the question was for the jury if there was any substantial evidence to sustain it. We said:

"The evidence was partly in the circumstances, but the testimony of other motorists who used that highway that morning, some going north and others south, made it rather clear—or a jury might so conclude—that if Brugh had been keeping an eye on the road ahead and kept his car under proper control, the accident would not have happened. The jury's conclusion was therefore warranted that the misfortunate man was guilty of contributory negligence. (*Womochil v. List & Clark Construction Co.,* 135 Kan. 695, 697, 11 P. 2d 731; *Conwill v. Fairmount Creamery Co.,* 136 Kan. 861, 18 P. 2d 193; *Houdashelt v. State Highway Comm.,* 137 Kan. 485, 21 P. 2d 343.)" (p. 225.)

The evidence in this record is more substantial and persuasive than in the case just cited. We hold the trial court did not err in refusing to strike the answer of the jury to special question No. 12.

The other questions argued by plaintiff are so correlated with the argument with reference to the matters with which we have just dealt that they require no further attention from us.

The judgment of the trial court is affirmed.

COWAN, J., not participating.