No. 29,822.

CLYDE HAYDEN and DOROTHY HUNTER, *Appellees*, v. THE JACK COOPER TRANSPORT COMPANY, *Appellant*.

(5 P. 2d 837.)

Opinion filed December 12, 1931.

*Gilbert H. Frith,* of Emporia, *Henry M. Shughart* and *Lowell R. Johnson,* both of Kansas City, Mo., for the appellant.

*Owen S. Samuel* and *Vernon J. Veron,* both of Emporia, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: Clyde Hayden and Dorothy Hunter each brought an action against the Jack Cooper Transport Company, a Missouri corporation, to recover damages sustained in a collision of the Hayden automobile with the truck and trailer of defendant. By agreement the actions were tried together on the same evidence, and were consolidated and submitted together on this appeal. The jury returned a verdict finding that each plaintiff was entitled to damages in the amount of $590. Judgments were accordingly given, and from each judgment defendant appeals.

On January 29, 1930, Hayden was driving his automobile along Commercial street, the principal business thoroughfare of Emporia, and Miss Hunter was riding with him in his car. It was alleged that

defendant had parked or left its truck with trailer attached, constituting a train about sixty feet long, almost at right angles and clear across the street, without lights or warnings of any kind on the trailer. The defendant had brought on his trailer a load of four automobiles and had unloaded three of them at a garage at the time of the collision. When the Hayden automobile approached the truck and trailer, Hayden did not discover the trailer, which was a low vehicle, until he was within twenty-five feet of it, and at that time he threw the motor out of gear and applied his brakes, but the automobile skidded into the trailer and the injuries for which the actions were brought resulted.

When the plaintiffs' evidence was completed defendant demurred thereto on the ground that they had failed to establish a cause of action, and this demurrer being overruled defendant stood on his demurrer and offered no testimony. Special questions were submitted to the jury, which were answered as follows:

"1. If the plaintiff had been keeping a careful lookout for any object which might obstruct the street, at what distance could they have seen such object ahead of them on Commercial street? A. Due to condition, size and color of trailer, not over twenty to twenty-five feet.

"2. At the rate of speed at which they were traveling, what was the shortest distance within which the plaintiff, Clyde Hayden, could have stopped his car? A. Due to condition of icy pavement, in a space of not less than thirty-five feet.

"3. At the time of the accident was the plaintiff, Clyde Hayden, driving his car at such a speed that he could safely stop the same within the distance of his assured, clear driving space ahead? A. Yes; within what he had right to consider a clear driving space.

"4. If you find the defendants guilty of negligence, state what act or acts constituted such negligence. A. Obstructing the street with the trailer, and with no warning or signal.

"5. If you find for the plaintiff, Clyde Hayden, please itemize the items of damages allowed to him: A. Damage to car, $75; disfigurement, $250; pain and suffering, $250; medical attention Clyde Hayden, $15—$590.

"6. If you find for the plaintiff, Dorothy Hunter, please itemize the items of damages allowed to her. A. Miss Hunter: Damage to wearing apparel, $75; medical attention, $15; pain and suffering, $500."

Motions were filed by defendant to set aside the findings and verdict of the jury, on the ground that they were not supported by the evidence nor responsive to the questions submitted. These were overruled. The defendant is contending that under the testimony the plaintiffs were guilty of contributory negligence in driving

their car in the nighttime at such a speed that they could not stop within the range of their vision.

The parking and leaving of this long, low and slender trailer clear across the street without a light is a marked case of negligence on the part of defendant. This appears not to be contested by the defendant, but it insists that plaintiffs were negligent in driving into the obstruction and that their negligence bars a recovery from defendant. The accident occurred in the nighttime on the main street of Emporia and at the time the pavement was icy. Plaintiff's automobile was being driven at a speed of from ten to fifteen miles an hour as it approached the obstruction. The evidence is that the plaintiff, although keeping a lookout along the street, could not and did not see the trailer until he was within twenty to twenty-five feet of it. There were good lights on the automobile which would bring an ordinary vehicle in sight in about sixty feet. The driver saw the truck to which the trailer was attached, it being headed into the curb on the side of the street, but did not see the trailer which stood at almost right angles to the street. It was of a dark color and only stood two feet ten inches above the pavement. The beam or frame of the trailer only presented a face of about fifteen inches. As soon as it came into the view of the plaintiff he applied his brakes and did what he could to stop his automobile, but the street being icy it could not be stopped in that distance. Under the circumstances can it be said as a matter of law that the plaintiffs were guilty of contributory negligence? Defendant contends that it was the duty of the plaintiff to keep a vigilant watch ahead for vehicles and persons, and if he drives in the nighttime at a speed in which he cannot stop the car within the radius of its headlights, he is necessarily negligent. Reliance is placed on *Giles v. Ternes,* 93 Kan. 140, 143 Pac. 491; *Fisher v. O'Brien,* 99 Kan. 621, 162 Pac. 317; *Howard v. Zimmerman,* 120 Kan. 77, 242 Pac. 131; *Rhoades v. Atchison, T. & S. F. Rly. Co.,* 121 Kan. 324, 246 Pac. 994; *O'Connell v. Lusk,* 122 Kan. 186, 250 Pac. 1059; *Haines v. Carroll,* 126 Kan. 408, 267 Pac. 986.

The rule of these cases is that it is negligence as a matter of law for a motorist to drive an automobile along a highway in the nighttime at such a speed that with proper lights it cannot be stopped in the distance that objects can be seen ahead of it. The rule is applicable if the objects can be seen by the motorist with the aid

of sufficient lights. It was, of course, applicable in *Rhoades v. Atchison, T. & S. F. Rly. Co.*, supra, where the motorist drove his automobile into a freight train that was upon the crossing of the highway, but what about an object that was so diminutive in size and so placed that it could not be seen with proper lights until the motorist was much closer to it? It applies where the objects are visible to a motorist whose automobile is well equipped with lights and if the object is one that the motorist must have seen in the exercise of ordinary care. He cannot well escape responsibility or a charge of negligence if it is a railroad train in plain view, but if it were a wire rope near the pavement, which was not visible, he could not be charged with a want of ordinary care. Primarily it is a question whether the motorist exercised due care under the circumstances. If the obstructing object could and should have been seen in time to have stopped the automobile and avoided the collision, it would be regarded as negligence. On the other hand, if the object was of such a size or so placed as not to be visible to one keeping a watch ahead, and who otherwise was in the exercise of reasonable care, he could not be held guilty of contributory negligence. The plaintiffs, as we have seen, were driving at a moderate rate of speed. The automobile was well equipped with proper lights and brakes. The testimony is undisputed that they were keeping a watch ahead for obstructions in the street, and this long, low trailer which was close to the ground, of dark color, and presented a face of only fifteen inches, was not in fact seen by plaintiffs until they were within twenty to twenty-five feet of the object. According to the evidence it was not visible to one on the lookout for obstructions and could not be seen at a greater distance. It cannot be said that the testimony is incredible, nor that the motorist was not exercising due care. The fact that plaintiffs could see a vehicle sixty feet ahead of the advancing automobile does not show that they must or should have seen the peculiar contraption in question in time to have stopped before colliding with it. The testimony fairly tends to show that the motorist acted with reasonable care under the circumstances, and that being so it cannot be held that they are barred from a recovery by their contributory negligence.

Complaint is made of the admission in evidence of certain city ordinances. The ordinances related to traffic on the streets and the conduct of those using them. Parts of this testimony had no bear-

176

ing on the controversy of the parties and should have been excluded upon the ground of immateriality. It is evident, however, that the immaterial evidence did not operate to the prejudice of defendant and cannot be regarded as a ground of reversal.

There is a further complaint that the answer to the question as to how far plaintiffs could have seen the object ahead of them was not responsive to the question nor sufficiently specific. The answer was: "Due to condition, size and color of trailer, not over twenty to twenty-five feet." We see no valid ground for defendant's objection. Nor do we think there is any cause for complaint as to the instructions given or refused by the court.

The judgment is affirmed.