No. 30,685.

M. C. Deardorf, *Appellee*, v. The Shell Petroleum Corporation et al., *Appellants*.

(12 P. 2d 1103.)

Opinion filed July 9, 1932.

*Allen B. Burch, J. B. Patterson* and *P. J. Warnick,* all of Wichita, for the appellants.

*C. H. Brooks, Willard Brooks, Howard T. Fleeson, H. T. Horrell* and *Frederick W. Aley,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Sloan, J.: This was an action to recover damages growing out of an automobile accident. The plaintiff prevailed, and the defendants appeal.

On the night of February 16, 1931, the plaintiff was driving his car north on highway No. 81 about ten miles south of Wichita. The weather was misty, and it was necessary to keep the windshield wiper going. The lights on the car were in good condition and focused on the pavement about ninety feet ahead of the car. He was driving at about thrity-five miles an hour and could stop his car in twenty-five or thirty feet. The defendants were using a large truck on the highway. Attached to the truck was a trailer. The trailer consisted of two large wheels connected by a frame on top of which was a heavy bolster on which the load rested. The top of the bolster was from four and one-half to five feet above the pavement. The truck was loaded with forty or fifty joints of four-inch

pipe nineteen to twenty-one feet in length. It extended about eight feet back of the trailer. The truck was traveling toward the north. There is a dispute in the testimony as to whether there was a light on the truck, but there was no light on the trailer. The plaintiff saw the wheels of the trailer when he was about 200 feet from it, but did not see the projecting pipe. He slackened his speed until he thought he was clear to go around it. He attempted to go to the left of the truck and the pipe caught the top of the car, causing the injury.

The jury returned a general verdict for the plaintiff in the amount of $1,000, and answered special interrogatories in which they found that the plaintiff saw the wheels and axle of the trailer when he was about 200 feet from it, but that he did not see any light on the truck; that there was nothing to interfere with his vision within the range of the lights on the car; that he could not see the piping loaded on the truck because there was no light; that he did not try to stop his car, but attempted to pass to the left of the truck. The piping extended from four to eight feet back of the trailer, which prevented his going around the truck. He was traveling between twenty-five and thirty miles an hour and speeded up his car as he started to pass the truck. The court entered judgment on the general verdict.

The appellants contend that the appellee was guilty of contributory negligence, and that the court erred in rendering judgment. The appellee alleged that the appellants were operating their truck on the public highway without proper lights. The testimony shows that the truck was loaded with forty or fifty joints of four-inch piping which were from nineteen to twenty-one feet in length. The trailer was between eight and ten feet from the truck. The bolster on which the load rested was four and one-half feet above the pavement. The pipe extended back of the trailer from four to eight feet. There was no light on the trailer. The truck was moving at the time of the accident. The statute requires that every automobile used on the public highway between one-half hour after sunset and one-half hour before sunrise shall exhibit a red light visible at the rear end. (R. S. 1931 Supp. 8-122.) It is established that the appellants failed to comply with this statute and consequently were guilty of negligence. The argument is that the appellee saw the truck in the road in ample time, and that he had full opportunity to stop his

car. The evidence fairly shows that the appellee did see the truck in ample time to have stopped his car, but the piping, which was four and one-half feet from the pavement, was not within the range of his lights. The lights on the car were two and one-half feet above the pavement and were focused on the pavement about ninety feet in front of the car. They clearly showed the wheels of the truck and the wheels of the trailer, but did not show the piping which extended above the rays of light. The appellee attempted to pass the truck and the piping caught in the top of his car, causing the accident. In the circumstances can it be said that the appellee was guilty of contributory negligence, or was it a question of fact for the jury?

The appellants insist that the cases of *Tuer v. Wayland,* 129 Kan. 458, 283 Pac. 661, and *Haines v. Carroll,* 126 Kan. 408, 267 Pac. 986, are controlling in this case. In the Tuer case the driver saw an unlighted barrier across the road when he was a sufficient distance away to have been able to stop. Instead of stopping he turned to the left to go around it and went into a ditch. This court held that had he observed the admonition of the danger signal, stopped his car and investigated conditions, he could have prevented the accident. In the Haines case the established facts were that the driver did not have such control of his car as to enable him to stop or turn out within the range of his lights and thus avoid the collision, and the court properly held that he was guilty of negligence as a matter of law. The distinction between the cases cited and the case under consideration is apparent. In the first case the driver saw the signal of danger, which was a barrier across the road. This was a sufficient admonition of danger to require the ordinary, prudent person to stop his car before he proceeded. In the second case the driver could not control his car within the range of the lights. In the case under consideration the driver could control his car within the range of his lights. There was no signal of danger within his vision other than the wheels of the truck. He had a right to assume that the truck was the ordinary vehicle on the highway and that he could pass it by turning to the left. When he turned to the left he acted on the theory that the trailer was the rear end of the truck. If there had been a light at the rear of the trailer the collision might have been avoided.

In the case of *Barzen v. Kepler,* 125 Kan. 648, 654, 266 Pac. 69, this court said:

"When the truck in front was discovered he took the ordinary course of drivers to avoid it by turning to the left. He was not required to stop his car and walk forward to see whether the vehicle in front was unusual in form and had timbers projecting from it. The driver was not running his car at an excessive rate of speed, but, as stated, was running it at a speed in which he could have stopped it in a distance of twenty-five to thirty feet."

In the case of *Hayden v. Jack Cooper Transport Co.*, 134 Kan. 172, 5 P. 2d 837, this court said:

"The rule that one driving an automobile in the nighttime must so operate his car that he may stop it within the range of vision of his headlights is applicable in cases where vehicles or other objects on the highway may be seen by the aid of proper lights, but where an obstruction was of such a character and so placed that a motorist driving his car properly equipped with lights and brakes, at a moderate speed, is unable to see an obstruction in time to prevent colliding with it, and is otherwise free from negligence, he cannot be held guilty of contributory negligence as a matter of law." (Syl. ¶ 1.)

It is a well-established rule of law that, in determining whether a given statement of fact establishes contributory negligence as a matter of law or is a question of fact to be determined by the jury, the test is, if the question of contributory negligence is one that is reasonably open to debate—one on which reasonable minds might differ—it is a question of fact for the jury. If, however, the facts are such that reasonable minds could reach but one conclusion, which conclusion is that of contributory negligence, it is a question of law. The facts in this case clearly establish negligence on the part of the appellants in failing to have their truck properly lighted. On the other hand, the conduct of the appellee as shown by the evidence does not warrant this court in holding that he was guilty of contributory negligence as a matter of law.

Appellants complain of the instructions given by the court to the jury, and especially the instructions relating to the lights on appellee's car. We have examined the instructions and are of the opinion that the court correctly stated the law. It is, of course, negligence to operate an automobile at night without lights which will enable the driver to see objects ahead of him in time to avoid accidents, and he must be able to stop his car within the range of his vision. This rule, however, is not applicable if the objects cannot be seen with the aid of sufficient light. The driver has the right to assume and act upon the theory that a truck standing or traveling on the highway will be so loaded that it will not have projections extending from the rear of the truck which are above the range of vision

cast by the rays of his lights. Under such circumstances the driver is not negligent if he keeps his position in the road until he is within a reasonable distance of the truck before turning to the left to pass it. This is the substance of the instructions given by the court, and, under the evidence of this case, they were not erroneous. We have carefully examined the record and find no reversible error.

The judgment is affirmed.