No. 33,708

Bessie Frakes, *Appellant*, v. The Travelers Mutual Casualty Company, *Appellee.*

(84 P. 2d 871)

Opinion filed December 10, 1938.

*Charles Rooney,* of Topeka, for the appellant.

*Roy V. Nelson,* of Hiawatha, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for damages alleged to have been incurred in a collision between a truck and an automobile. Judgment was for defendant. Plaintiff appeals.

The petition alleged that plaintiff was riding with her family in a Chevrolet sedan at about seven o'clock on January 19; that her husband was driving and it was so dark that objects on the highway

could not be seen except by artificial light; that as the car turned a rounded corner a Ford truck was parked on the road without any lights showing; that the driver of the truck was guilty of negligence in thus parking his truck without the lights or flares required by statute; that plaintiff was riding in the front seat of the Chevrolet, on the right-hand side, and when the Chevrolet ran into the truck she was thrown against the windshield of the car and injured.

In its answer the defendant pleaded first a general denial, and that if plaintiff was injured it was caused by the negligence of the driver of the car in which she was riding, and that he drove his car at an excessive rate of speed into the intersection, and that this negligence was the cause of the collision.

The reply was a general denial.

The jury returned a general verdict for plaintiff and answered special questions. These questions and answers are as follows:

"1. At what rate of speed was the Frakes car traveling at the time of the accident? A. 20 miles per hour.

"2. Was the Tangeman car parked on the highway at the time of the collision? A. We believe the Tangeman truck had stopped at time of collision.

"3. If you answer question 2 in the negative, at what rate of speed was the Tangeman truck traveling as it rounded the corner, just prior to the accident? A. ———.

"4. On which side of the highway do you find the Frakes car was traveling at the time of the accident? A. On center part of traveled highway.

"5. On which side of the highway do you find the Tangeman car was at the time of the accident? A. On the right of the traveled highway.

"6. At what distance could Frakes, by the use of the headlights on his car, see to distinguish objects ahead of him on the highway? A. 100 feet straight ahead.

"7. Within what distance could the Frakes car have been stopped, going at the speed you find it was traveling as it rounded the corner at the scene of the accident? A. Within 25 feet.

"8. What was the proximate cause of the accident? A. Stopping truck on traveled highway without lights.

"9. State what, if any, lights were burning on the Tangeman truck at the time of the collision. A. No lights burning on the Tangeman truck at time of collision."

The defendant filed a motion for judgment on the answers to the special questions notwithstanding the general verdict, on the ground that findings of the jury were not sufficient to support the general verdict. The defendant also asked in this motion that the answer to question No. 8 be set aside as not supported by the evidence.

The trial court allowed the motion to set aside the answer to question No. 8 and allowed the motion for judgment on the special findings. The journal entry recites that the court allowed the motion for judgment notwithstanding the general verdict, for the reason that the findings of the jury and the evidence in the case were not sufficient to support the general verdict. A motion for a new trial was filed by defendant and later withdrawn. Judgment was entered for defendant.

Plaintiff appeals from that judgment.

It should be noted at the outset that the motion for judgment on the answers to special questions notwithstanding the general verdict did not state any ground for such a motion. The fact that the special questions do not support a general verdict is no ground for setting it aside. It is only when the answers to special questions are inconsistent with the general verdict such a result is had. (See G. S. 1935, 60-2918.) The reason for this is that it might very well be that some issue vital to the verdict and fully covered by the pleadings would not be submitted to the jury in the special questions. In such a case it would be a manifest injustice to set aside such a verdict on account of the failure of the jury to find such a fact when the findings made were not inconsistent with the general verdict.

In the journal entry the court allowed the motion for judgment notwithstanding the general verdict, partly on the ground that the verdict was not supported by the evidence. The court also set aside the answer to question No. 8, wherein the jury found that the proximate cause of the accident was "stopping truck on traveled highway without lights," on the ground that is was not supported by the evidence. From these two rulings we have reached the conclusion that the court set aside the general verdict on the ground that the proximate cause of the accident was the negligence of the driver of the car in which plaintiff was riding. Since the trial court ordered judgment for defendant, it is clear that this motion was given the potency of a demurrer to the evidence of plaintiff or of a motion for a directed verdict. On this account we shall examine the evidence of plaintiff. Since defendant asked that the answer to only one question be set aside, we may treat the issues in the other answers as settled. When we do that we find that the car in which plaintiff was riding was traveling twenty miles an hour at the time of the accident; that the truck had stopped; that plaintiff's car was on the

center of the highway; that the truck was on the right of the traveled highway; that the driver of the car in which plaintiff was riding could see one hundred feet straight ahead; that plaintiff's car could have been stopped at the speed at which it was traveling within twenty-five feet, and that there were no lights burning on the truck. It is also undisputed that it was dark enough so that lights were necessary.

This collision happened at an intersection where the corners had been rounded off to avoid a square corner. The truck had not come into the intersection from another road, but was proceeding east from Sabetha. The car of plaintiff was being driven west toward Sabetha. The truck was about two-thirds of the way around the curve toward the east and south. The direction in which the truck was being driven made its right-hand side the outside of the curve. There was evidence on behalf of plaintiff that there was a bank on the inside of the curve about four or five feet high; that it was an oiled road; that a driver of a car could not see around it; that it just unfolded as you went around it.

The driver of the car in which plaintiff was riding testified, among other things, that he could not see around the curve; that there was a ridge of snow extending out from the inside of the gutter; that his right wheels were at the time of the collision about three or four feet from the ridge of snow on the edge of the highway; that when he saw the truck he gave the wheel a little jerk; that he was driving about twenty miles an hour; that there were no lights of any kind on the truck; that his lights showed underneath the truck; that the light of his car hit the corner of the truck bed, his visibility was good; that he saw the truck ten feet ahead of him; that the traveled portion of the highway was about sixteen feet wide where it had been cleared by the snow plow.

Treating the motion in this case as a demurrer to the evidence or as a motion for a directed verdict, this court will take the evidence in its most favorable light for the plaintiff and draw all the reasonable inferences therefrom favorable to the plaintiff. Defendant argues that the case is controlled by *Haines v. Carroll*, 126 Kan. 408, 267 Pac. 986. There the court held:

"It is negligence as a matter of law to drive an automobile along the highway on a dark night at such speed that it cannot be stopped or turned aside within the distance that objects can be seen ahead of it.

"In an action for damages sustained by plaintiff, the driver of an automobile, when his car collided with another which was standing on an improved

highway in the nighttime without lights, the record examined, and held to show such contributory negligence on the part of the plaintiff as to bar a recovery." (Syl. ¶¶ 1, 2.)

It is not every case of a collision between a car parked without any lights on a highway and a car being driven on the highway that is decided as set out in the second syllabus above. In *Sponable v. Thomas,* 139 Kan. 710, 30 P. 2d 301, the plaintiff, with his wife, drove into a truck parked on a highway without lights. He recovered damages and the defendant contended that he was guilty of contributory negligence as a matter of law under the above rule. This court noted that there were unusual circumstances in the case, such as the dark, drab, unpainted body of the truck and the snowy weather, and held:

"In determining whether as a matter of law a plaintiff is guilty of contributory negligence which precludes his recovery for injuries sustained, all of the testimony favorable to the plaintiff must be accepted as true, and if the facts are such that reasonable minds reach different conclusions thereon, the question must be submitted to the jury and cannot be determined by the court as a matter of law." (Syl. ¶ 4.)

See, also, *Barzen v. Kepler,* 125 Kan. 648, 266 Pac. 69; also, *Deardorf v. Shell Petroleum Corp.,* 136 Kan. 95, 12 P. 2d 1103; also, *Hayden v. Jack Cooper Transport Co.,* 134 Kan. 172, 5 P. 2d 837.

In this case the evidence that the driver of a car could not see around the curve; that the lights of the car in which plaintiff was riding shone straight ahead, but did not shine directly on the truck, and that the driver of the car did not see the unlighted truck, even though the driver was looking for lights and vehicles until he was within ten feet of the truck, taken together make it one where reasonable minds might differ as to whether the driver of the car in which plaintiff was driving was guilty of contributory negligence.

Defendant points out the finding of the jury that plaintiff's driver was driving down the center of the traveled portion of the highway and argues this was negligence that was the proximate cause of the collision. The answer to that is that the plaintiff's driver had a right to drive down the middle of the road as long as there was no traffic on the highway. He was only obliged to turn to the right when he saw another vehicle ahead. (See *Giles v. Ternes,* 93 Kan. 140, 143 Pac. 491.) Here the driver did not see the standing truck until he was within ten feet of it on account of the absence of lights on the truck. As we have said, the roadway was only sixteen feet wide where the snow had been cleared off and there was a bank of snow

on the inside of the curve. Under such circumstances this court cannot say that the driver of the car in which plaintiff was riding was guilty of negligence as a matter of law because he was driving down the middle of the traveled portion of the road.

Defendant also argues that the driver of the car in which plaintiff was riding was found by the jury to have been guilty of contributory negligence when the jury found in answer to question No. 1 that he was driving at the rate of twenty miles an hour at the time of the accident. Plaintiff relies on G. S. 1935, 8-122, which was in effect at that time. That section provided, in part, as follows:

"Upon approaching a railroad crossing or intersection of highways outside of any village or city, or turning corners, the person operating a motor vehicle shall reduce the speed of such vehicle to a rate not exceeding fifteen miles an hour, and shall not exceed such speed until entirely past such crossing or intersection."

Plaintiff argues that since the above statute made it a misdemeanor for the driver to enter an intersection at a greater speed than fifteen miles an hour, and the jury found that this driver was traveling at the rate of twenty miles an hour at the time of the collision, then as a matter of law he was guilty of contributory negligence, which would bar recovery by the plaintiff. The answer to this is that this would only be the case if the failure to obey the statute was the proximate cause of the injuries. (See 42 C. J. 887.) Here we have demonstrated that the speed of the car was not the proximate cause of the injury. There can be no doubt that had the car in which plaintiff was riding been driven much faster than the jury found it was being driven it could have passed the truck easily had it been lighted so that the driver of the car could have seen it.

We have therefore considered that the evidence of plaintiff was not such that the trial court could have sustained a demurrer to it, since the matter of whether the driver of the car was guilty of contributory negligence should have been submitted to the jury; neither should a motion for a directed verdict have been sustained, for the same reason. If the trial court treated the motion for judgment on the special findings notwithstanding the general verdict, on the ground that the special findings did not support the general verdict, as though it had been made on the ground that the general verdict was inconsistent with the special findings, then we hold that as we have demonstrated in this opinion the special findings were not inconsistent with the general verdict. We further hold, as we have

demonstrated, that the evidence did not warrant the trial court in holding as a matter of law that the parking of the truck without lights was not the proximate cause of the collision.

From what has been said, it follows that the trial court erred in ordering judgment for defendant.

There remains the question of what order should be made by this court. It is well established that the trial court must approve a verdict before a judgment can be based upon it. It is clear from this record that the trial court did not approve the verdict in this case. The motion for a new trial had been withdrawn and there was no motion for a new trial pending. One of the reasons the trial court did not approve the verdict was because it was not supported by the evidence. Under such circumstances it was the duty of the trial court to grant a new trial. (See *Klopfenstein v. Traction Co.*, 109 Kan. 351, 198 Pac. 930.) In such a case, where the trial court did not order it this court must do so. (See *Ratliff v. Railroad Co.*, 86 Kan. 938, 122 Pac. 1023.)

The judgment of the trial court is reversed, with directions to proceed in accordance with the views expressed herein.