No. 40,029

BERNARD O. WINFOUGH, *Appellant*, v. TRI-STATE INSURANCE COM-
PANY, a Corporation; EMILE TRUHLAR, J. L. CHEW and CHARLOTTE
CHEW, doing business as C & S WELL SERVICE COMPANY, a Part-
nership; RICHARD STECKLEIN; ANTON J. KLAUS, doing business as
ANTON J. KLAUS TRUCK SERVICE, Hays, Kansas, *Appellees.*

(297 P. 2d 159)

Opinion filed
May 5, 1956.

*Stanley Krysl,* of Stockton, argued the cause, and *Arthur C. Hodgson,* of
Lyons, and *D. A. Hindman,* of Stockton, were with him on the briefs for the
appellant.

*Robert Y. Jones,* of Hutchinson, argued the cause, and *Roy C. Davis, Frank
S. Hodge, Eugene A. White,* and *H. Newlin Reynolds,* all of Hutchinson, were
with him on the briefs for appellees Richard Stecklein, Anton J. Klaus, doing
business as Anton J. Klaus Truck Service, Hays, Kansas, and Tri-State Insurance
Company, a Corporation.

*Donald R. Newkirk,* of Wichita, argued the cause, and *Howard T. Fleeson, Homer V. Gooing, Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Robert J. Hill, Gerrit Wormhoudt,* and *Theodore C. Geisert,* all of Wichita, were with him on the briefs for appellees Emile Truhlar, J. L. Chew and Charlotte Chew, doing business as C & S Well Service Company, a Partnership.

The opinion of the court was delivered by

THIELE, J.: This was an action in which plaintiff sought to recover damages arising from the operation of three motor vehicles as later set forth. Demurrers of the defendants to his amended petition as amended were sustained and he appeals.

On October 9, 1954, plaintiff filed his amended petition and as a result of defendants' motions, on February 26, 1955, he filed amendments thereto. For our purposes, we shall refer to his pleadings as the petition.

Under the allegations of the petition there are two groups of defendants, one group is J. L. Chew and Charlotte Chew, partners doing business as the C & S Well Service Company, who owned a truck being driven in the course of his employment by their agent, Emile Truhlar, and this group is hereafter referred to as Truhlar. The other group is Anton J. Klaus doing business as Anton J. Klaus Truck Service, who owned a truck driven in the course of his employment by their agent, Richard Stecklein. This truck was operated on the highways of Kansas pursuant to a permit from the State Corporation Commission and was covered by a policy of insurance issued by Tri-State Insurance Company. This second group is hereafter referred to as Stecklein. The further allegations of the petition are that on December 16, 1952, at about 6:45 p. m. and more than one-half hour after sunset plaintiff was driving his automobile north on U. S. Highway 183 which was an improved blacktop highway, the traveled portion of which was twenty-seven and one-half feet in width; that his vehicle was in good mechanical condition with brakes in good working order and equipped with good headlights which were lighted at the time, and that he was driving at a speed of fifty miles per hour; that unknown to plaintiff, Truhlar had negligently parked and left his truck unattended and unlighted on the east half of the traveled portion of the highway; that the truck was not equipped with any visible red light on the rear thereof, nor any visible reflectors on the rear thereof, nor were there any flares, in violation of G. S. 1949, 8-581 and 8-586; that the truck was about eight feet in width and so parked there was not a

clear and unobstructed width of twenty feet of such part of the highway, opposite the parked truck, left for the free passage of other vehicles, nor was there a clear view of the truck from a distance of 200 feet to the south, in violation of G. S. 1949, 8-570. It was further alleged that the parked truck was not readily visible from the rear; that it had a bed with sides about an inch and a half wide and eighteen inches high and the rear was of dark and dirty color all of which tended to make it invisible, and:

"That as the vehicle which this plaintiff was driving approached the point on U. S. Highway 183 approximately three (3) miles South of Stockton, Kansas, it came over the crest of a hill South of said parked truck, the exact distance from the crest of the hill to the parked truck being unknown to the plaintiff, but believed to be approximately 300 to 400 feet; that as plaintiff topped the crest of this hill he noticed oncoming bright lights, believed by plaintiff to be approximately 900 to 1000 feet north of plaintiff's automobile; when plaintiff had travelled approximately 75 to 100 feet North down the highway, he further noticed a vehicle in his lane of traffic which appeared to be in motion; that plaintiff decreased his speed to approximately 45 miles per hour to allow the vehicle with bright lights to pass and when the oncoming vehicle, to the best of the knowledge and belief of plaintiff was approximately 300 to 350 feet North of plaintiff's vehicle and plaintiff was approximately 125 to 150 feet South of the parked vehicle, said oncoming vehicle dimmed its lights, and plaintiff observed for the first time that the vehicle in his lane of traffic was not moving and to avoid striking such parked vehicle plaintiff pulled sharply to the left to go around such parked vehicle and plaintiff did get around said parked vehicle but in getting back to the right lane of traffic was struck in the left side of his car by the vehicle which had been approaching from the North which was a 1951 Ford Semi-Truck driven by Richard Stecklein of Hays, Kansas. Said collision caused plaintiff to lose control of his automobile, causing it to skid into the ditch running along the east side of said highway and resulting in the personal injuries to plaintiff and damages to plaintiff's automobile, as hereinafter stated."

Plaintiff then alleged that because there were no lights or reflectors on the rear of the parked truck and because of its shape and color and because it was parked in the center of plaintiff's lane of traffic, it was impossible for plaintiff upon first sighting the truck to immediately ascertain that the truck was parked and not moving down the highway. He charged Stecklein with being negligent in failing to have his truck under control, in failing to apply his brakes and to stop when he knew a collision was imminent, in failing to drive to his right as far as possible in order to give plaintiff clearance to pass the parked truck, in operating at an excessive rate of speed "the exact speed being unknown to plaintiff," in failing to keep a proper lookout and in failing to dim

his lights. Plaintiff further alleged that as the result of the acts of negligence he suffered injuries and property damages and he prayed to recover therefor.

Each group of defendants demurred on the ground that facts sufficient to constitute a cause of action were not stated. These demurrers were sustained, but the record does not disclose whether the trial court ruled that the facts alleged failed to disclose negligence of either group of defendants, or that they did disclose that plaintiff was guilty of negligence which was the proximate cause of his injuries and damages. In due time plaintiff perfected his appeal to this court where he specifies the rulings as error.

Appellant's argument that the trial court erred is predicated on an assumption that his allegations were sufficient to charge each group of defendants with negligence and that the only question is whether his allegations showed him guilty of negligence which precludes his recovery, and his brief is devoted to that question. For reasons later set forth we do not fully agree with the assumption.

Appellant's contentions are divided. He first contends that he had a right to assume that others using the highway were obeying the law and that he was not guilty of negligence until he had knowledge to the contrary, citing *Siegrist v. Wheeler,* 175 Kan. 11, 259 P. 2d 223, *Stephens v. Bacon,* 176 Kan. 460, 271 P. 2d 285, and other authority. It may be said those decisions support the contention. He next contends that under the circumstances alleged as to the color of the parked truck and the fact he came on it after coming over the crest of a hill, and other allegations, he was not bound by the rule that one operating his vehicle in the nighttime must have it under such control he can stop it within the range of his lights and that the rule does not apply where the obstruction is of such a character and so placed that a driver of a motor vehicle properly equipped with lights and brakes, driven at a reasonable speed, is unable to see the obstruction in time to avoid colliding with it. *Hayden v. Jack Cooper Transport Co.,* 134 Kan. 172, 5 P. 2d 837; *Womochil v. List & Clark Construction Co.,* 135 Kan. 695, 11 P. 2d 731; *Deardorf v. Shell Petroleum Corp.,* 136 Kan 95, 12 P. 2d 1103; *Frakes v. Travelers Mutual Cas. Co.,* 148 Kan. 637, 84 P. 2d 871; and *Towell v. Staley,* 161 Kan. 127, 166 P. 2d 699, cited by the appellant support the contention as made. He further argues that although the trial court had stricken from his petition an

allegation he acted in an emergency, the allegations of the facts and circumstances disclose that an emergency did exist, and the rule should be applied that one who, in a sudden emergency acts according to his best judgment and omits to act in a most prudent manner is not chargeable with negligence; that although he saw the Truhlar truck ahead of him, it was not until the lights were dimmed on the Stecklein truck he knew the Truhlar truck was not in motion, he was confronted with an emergency and the fact he acted as he alleged did not convict him of negligence. In support he cites *Metzinger v. Subera,* 175 Kan. 542, 266 P. 2d 287, where the rule contended for was applied.

And finally he directs attention to the familiar rule that in passing on a demurrer all the allegations of the pleader must be accepted as true and if reasonable minds might reach different conclusions therefrom, the question must be submitted to the trier of the facts and cannot be determined by the court as a matter of law, citing *Sponable v. Thomas,* 139 Kan. 710, 33 P. 2d 721, and cases cited therein. The case cited dealt with a demurrer to evidence, but the review made is informative.

We first note the contention of Stecklein that he is not charged with negligence, and if that be true the question of plaintiff's negligence is immaterial as to him. Notwithstanding appellant charged Stecklein with negligence in particulars as heretofore set forth, those charges were in their nature conclusions for he had theretofore in his petition set forth that as he came over the crest of the hill he noticed oncoming bright lights (of the Stecklein truck) about 900 to 1000 feet away. Appellant traveled north and when he was about 125 to 150 feet south of the parked truck, Stecklein was about 300 to 350 feet north of it. Stecklein was on his own side of the highway, and, so far as the allegations go, had no reason to know that appellant would come over into the west side of the highway and into the lane in which Stecklein was proceeding. Stecklein had the right, which appellant insists he had, to assume that appellant would stay on his side of the highway. Appellant alleged he slowed to 45 miles per hour and if so he proceeded north at the rate of 66 feet per second. The distances set forth in the petition indicate Stecklein was driving about the same speed. The net result is that but a few seconds elapsed between the time appellant first saw Stecklein and appellant crossed into his left lane of traffic and struck Stecklein's truck. If there was any emergency

involved as between the two, appellant created it and Stecklein is not to be held negligent because he did not turn farther to his right and avoid appellant who created the situation by being where he had no right to be. In our opinion the trial court properly sustained Stecklein's demurrer for the reason actionable negligence was not alleged against him.

Appellees Truhlar made no contention the petition does not charge them with actionable negligence and without discussion we hold that it does. Their contentions that the trial court did not err in ruling on their demurrer may be summarized. They direct attention to the basic rule that the operator of a motor vehicle is required to articulate his speed with his ability to stop within his range of vision, citing *Bottenberg Implement Co. v. Sheffield*, 171 Kan. 67, 229 P. 2d 1004, and cases cited therein, and contend the allegations of the petition show that plaintiff did not comply with his duty, and they infer from the fact he slowed down when he saw the parked truck that he did so in order to pass it as soon as the oncoming Stecklein truck had passed. In our opinion the appellant's allegations are not to be so construed. Appellant alleged he saw the truck when he came over the crest of the hill, supposed it was moving and did not discover otherwise until the lights of the oncoming truck were dimmed when he saw it was stopped. His effort to go around the parked truck was in an attempt to avoid colliding with it. Appellees Truhlar recognize there are exceptions to the basic rule of control above mentioned which arise out of a sudden change in the operator's situation not caused by his own failure or neglect to comply with the basic rule, citing *Drennan v. Penn. Casualty Co.*, 162 Kan. 286, 176 P. 2d 522, where it was held that the operator of an automobile, blinded by lights from an oncoming car, who collided in his lane of traffic with a truck standing on the highway, was, under the facts, not guilty of negligence as a matter of law but the question was for the trier of the facts, and *Metzinger v. Subera*, supra, and other cases. They contend further that the emergency doctrine, relied on by appellant, does not apply where the operator's own negligence placed him in the unexpected situation, citing *Eldredge v. Sargent*, 150 Kan. 824, 96 P. 2d 870, and *DeGraw v. Kansas City & Leavenworth Transportation Co.*, 170 Kan. 713, 228 P. 2d 527. The Eldredge case arose on a motion for judgment on answers to special questions and it was held those answers did not bring the case within any exception to the established general rule that it was negligence as

a matter of law to drive an automobile at night at such a speed it could not be stopped within the distance objects could be seen ahead of it. In the DeGraw case this court considered a demurrer to evidence. It was said that under the circumstances it could hardly be said the driver of the bus was faced with an emergency where he saw a skidding truck in the wrong lane of traffic and obviously out of control, at least six hundred feet away. In *Metzinger v. Subera*, supra, it was held:

"It is a general rule of law that one, who, in a sudden emergency, acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence."

Appellees recognize that as a general rule and in the absence of notice to the contrary, the operator of a motor vehicle may assume that others using the highway are obeying the law, and say it is equally true that the operator may not act on that assumption where the factual basis for it has disappeared, and that may be conceded. They argue that when appellant first observed the Truhlar truck in his path it showed no rear light or reflectors, and that in itself was notice the conditions were not normal and that an assumption the truck was moving was unjustified, and that the factual basis for an assumption the rules of the road were being complied with disappeared the moment appellant saw an object on the highway without lights. We cannot agree. Appellant did allege that as he came over the hill he saw the Truhlar truck and that it had no lights. That did not mean the truck was not moving along the highway. Appellant alleged he slowed down and only discovered the truck was not moving after the lights on the oncoming truck were dimmed. Under such circumstances we may not say as a matter of law that appellant did or did not observe the requirements of the basic rule above mentioned or that he was or was not faced with an emergency which excused compliance with the rule. In our opinion the questions presented should be presented to the trier of the fact for determination.

Appellees have expanded some of the matters above discussed and have cited other decisions under a general contention plaintiff's own negligence was the proximate cause of his injuries. We have examined that argument and the cases cited, but are of the opinion that what is said above disposes of the appeal.

The ruling of the trial court sustaining the demurrer of Anton J. Klaus, doing business as Anton J. Klaus Truck Service, Richard

Stecklein and Tri-State Insurance Company, is affirmed and its ruling sustaining the demurrer of J. L. Chew and Charlotte Chew doing business as C & S Well Service, a partnership, and Emile Truhlar is overruled and the cause remanded with instructions to overrule that demurrer.