No. 32,665

LeRoy Chance, a Minor, by Lloyd Chance, His Father and Next Friend, *Appellee,* v. Hubbert Murry, *Appellant* (Claude Robinson, *Appellee*).

(54 P. 2d 981)

Opinion filed March 7, 1936.

*Eugene W. Davis,* of Liberal, and *Douglas Hudson,* of Fort Scott, for the appellant.

*G. L. Light* and *Auburn G. Light,* both of Liberal, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages for injuries sustained in a collision between two automobiles. Judgment was for plaintiff. Defendant appeals.

Defendant operated a cream-buying station on the east side of Kansas avenue in Liberal, Kan. A Chevrolet semitrailer truck was used in the business. This truck consisted of a trailer which was attached to a motor. It was what is known as a six-wheel truck, and was so constructed that the front part where the motor was carried and in which the driver rode could be turned practically at right angles to the rear of the truck.

Early in the morning of the day of the accident the driver of this truck, an employee of defendant, backed it up against the curb in front of the place of business of defendant at right angles to the curb. He turned the motor part of the truck so that it pointed southwest. This was done about 12:30 a. m. on the morning of the accident. The rear lights of the trailer were headed directly east; the front trailer lights were headed directly west; the left front trailer light was partly obscured by the cab of the tractor parked as it was. The over-all length of this truck was about 24 or 26 feet. It was of a dark-green color. On the night in question it was misting and drizzling a little. The visability was poor.

Plaintiff was driving a Ford coupé, going north on Kansas avenue about 1:30 in the morning. On his right in the coupé were two young men friends. On the lap of each of these two young men a young lady was seated. The coupé was equipped with a windshield wiper, but it was not working. At the time of the injury to plaintiff there were three cars parked against the curb on the west side of the street directly across the street from where the truck was parked. The point of the truck that was farthest west was 4.5 feet from the middle of the street. As plaintiff approached the truck from the south he was driving on the right-hand side of the street at about 15 or 20 miles an hour. According to his testimony the truck extended to his left 7 or 8 feet. He was about 25 or 30 feet from the truck when he first saw it. He put on his brakes immediately and swung to the left to avoid hitting the truck. The swing to the left

took the coupé to the left of the middle line of the street. When the coupé reached a point where it was directly west of the trailer part of the truck and the rear part of the coupé was just west of the tractor part it was headed almost directly north. The left wheels of the coupé were a little west of the middle line of the street. At that point the coupé collided with a car being driven from the north. The left bumper of the coupé hit the left bumper of the other car at a point just about even with the headlights of the two cars. The lights on the coupé were good. At the time of the collision the coupé came almost to a complete stop. The distance from the west curb of the street to the easternmost part of the cars that were parked across the street from the truck was about 12 or 13 feet. This left about 16 feet clear driving space between the truck and these cars. As a result of the collision the driver of the coupé was thrown through the windshield and injured so badly that the sight of one eye was destroyed. The driver of the coupé brought this action by his father as next friend against the driver of the car with which he collided, and the owner of the truck.

The answer of defendant truck owner was in effect a general denial, and an allegation that any injuries sustained by plaintiff were due to his own contributory negligence. The driver of the car with which plaintiff collided filed an answer and cross petition in which he set out several specific acts of negligence on the part of plaintiff and charged that the injuries of plaintiff were due to these acts of negligence and, furthermore, that the defendant was entitled to damages from plaintiff.

The case was submitted to a jury. A verdict was returned in favor of plaintiff against the owner of the truck and in favor of the driver of the other car. Judgment was rendered accordingly. From this judgment defendant truck owner appeals.

The defendant argues that his demurrer to the evidence of plaintiff should have been sustained. The argument is that plaintiff was negligent because he was driving his car in such a manner that he could not stop or turn within the distance that an object became visible by the light furnished by his headlights. This rule is well established. (See *Giles v. Ternes*, 93 Kan. 140, 143 Pac. 491; *Rhoades v. Atchison, T. & S. F. Rly. Co.*, 121 Kan. 324, 246 Pac. 994; *Haines v. Carroll*, 126 Kan. 408, 267 Pac. 986; also *Jones v. Atchison, T. & S. F. Rly. Co.*, 129 Kan. 314, 282 Pac. 593.)

Plaintiff argues that this case comes under the exception to that

rule where this court has held that where the obstruction was of such a 'character and so placed that a motorist driving his car properly equipped with lights and brakes at a moderate speed is unable to see it in time to prevent colliding with it, the driver of the car cannot be held guilty of contributory negligence as a matter of law. (See *Hayden v. Jack Cooper Transport Co.*, 134 Kan. 172, 5 P. 2d 837; also *Deardorf v. Shell Petroleum Corp.*, 136 Kan. 95, 12 P. 2d 1103.)

The question in this case becomes one of which rule should apply. To start with, we know that plaintiff did not have his car under such control that he could have stopped it before he hit the truck. He was compelled to drive his car into the truck or turn into the part of the street where he might expect to collide with traffic coming from the opposite direction. As soon as he saw the truck he put his foot on the brake and started to stop. His car was practically at a standstill when it collided, but it was past the truck, hence he was compelled to go into the wrong traffic lane. Whether his vision was obscured by the mist that had been falling on his windshield so that he did not see the truck soon enough, whether his lights did not give sufficient light to enable him to see far enough ahead, whether his brakes were not sufficient to enable him to stop or whether he was traveling at too great a speed we are unable to say. Any one or all of these conditions may have existed. This we know by the testimony of plaintiff—he was unable to stop his car in the time that elapsed after he saw the truck and before he reached it. This obliged him to turn into the traffic lane where he was out of place. This caused his injury. We see nothing in the position of the truck or its condition that would make this case come under the rule in the cases cited and relied on by plaintiff. We have concluded, therefore, that the evidence introduced by plaintiff proved him to be guilty of contributory negligence, and a demurrer to it should have been sustained.

The judgment of the trial court is therefore reversed with directions to enter judgment for defendant.

HARVEY, J., dissenting.