No. 34,813

J. R. Goodman (*Plaintiff*) v. Dr. Robert Wisby (*Defendant*) *Appellee;* The State Automobile Insurance Association, *Appellant.*

(103 P. 2d 804)

Opinion filed July 6, 1940.

*C. W. Burch, B. I. Litowich, LaRue Royce, L. E. Clevenger, E. S. Hampton* and *R. E. Haggart,* all of Salina, for the appellant.

*Paul H. Royer,* of Abilene, for the appellee.

The opinion of the court was delivered by

Wedell, J.: This was an action to recover for personal injuries and property damage resulting from a collision between plaintiff's contract carrier truck and an automobile driven by the defendant, Dr. Robert Wisby, and a cross action by the defendant to recover damages from the plaintiff and his insurance carrier.

The plaintiff is not a party to this appeal. The contest here is between the defendant, Wisby, and the defendant, The State Automobile Insurance Association. Wisby is the appellee, and the insurance company is the appellant. The latter has appealed from the order of the trial court overruling its demurrer to the evidence introduced by the defendant, Wisby, in support of his cross petition.

Plaintiff was riding in his contract carrier truck, which was loaded with rock salt. His son, Maurice C. Goodman, was the driver. It was stipulated that the plaintiff was insured against public liability and property damage as provided by G. S. 1935, 66-1,128, under a policy issued by the defendant, The State Automobile Insurance

Association. The defendant, Wisby, answered and alleged that Maurice C. Goodman and the insurance carrier were necessary and proper parties in order to obtain a final determination of the rights and liabilities of the parties and that those parties should be required to answer his cross petition. They were made parties defendant. A motion by the insurance carrier to set aside the order making it a party defendant, to quash the service on it and to dismiss the action against it, was overruled. No error is now urged touching that ruling.

Issues were joined by appropriate pleadings filed by the plaintiff, the defendant Wisby, and the defendant insurance carrier. The answer of the insurance carrier contained a general denial of each and every allegation contained in the cross petition of the defendant, Wisby, and further alleged that negligence of defendant Wisby caused or contributed to the collision. Defendant Wisby's reply to that answer was a general denial. The jury was unable to agree upon a verdict and was discharged. The insurance carrier had demurred to the evidence of the defendant, Wisby, upon the ground the evidence of Wisby failed to establish a cause of action under his cross petition and that his evidence positively disclosed at least contributory negligence on his part. The demurrer was overruled. That ruling constitutes the sole error urged in the instant appeal.

In this appeal we, of course, do not have before us the question whether plaintiff can recover. The issue raised by the demurrer of the defendant insurance carrier, is whether the defendant, Wisby, can recover. In other words, can we say, as a matter of law, that his negligence caused or contributed to the collision?

We shall refer to the appellee, Wisby, as the defendant, and to the appellant, The State Automobile Insurance Association, as the insurance carrier. Before discussing the evidence of the defendant we pause to note that the negligence with which the defendant, under his cross petition, charged the plaintiff was that plaintiff's truck at the time of the collision was traveling on the wrong side of the road. Defendant's cross petition also alleged that a cloud of dust completely obscured his vision and that he did not see plaintiff's truck approaching until the time of the collision, although the sun was shining brightly.

A few undisputed preliminary facts may also be noted. The collision occurred on an east-and-west graveled county road in Dickinson county. The road was approximately twenty-eight feet in width.

Defendant was familiar with the road. Plaintiff was riding in an easterly direction in his truck, which was operated by his son, Maurice Goodman. The defendant was traveling in a westerly direction in a Chevrolet automobile. The tires and brakes on his car were in good condition. The collision occurred between seven and seven-thirty oclock p. m., on August 11, 1938.

The pertinent part of defendant's testimony was substantially as follows: The collision occurred at a point about 322 feet west of the brow of a hill. A car, traveling in a westerly direction, had passed defendant about one-fourth of a mile east of the point of collision. The car passing him caused a heavy cloud of dust. When he got into the cloud of dust he could not see over fifteen or twenty feet ahead of him. When he reached the brow of the hill he was traveling about forty-five miles per hour. He could tell he was far over on the right or north side of the road as he descended because his car was leaning in that direction and by the manner in which the wheels were dancing on the gravel. A pertinent portion of defendant's testimony reads:

"Q. As you got to the brow of that hill tell me again about this dust, just where it was located and how far ahead of you you saw it. A. Well, it thickened as I approached the west, and when I come to this grade, started up the grade, or right on the brow of the hill to the west of me was a big cloud of dust on both sides of the road and right through the middle of the road, the whole road.

"Q. And how far from you was that cloud of dust? A. It just was a cloud of dust. It gradually thickened up to that point, and as I come to the top of the hill it was thicker in front of me."

Another portion of defendant's testimony is as follows:

"Q. As you would meet other cars and a cloud of dust be raised you would go ahead and get through all right in those times, wouldn't you? A. Yes.

"Q. But you didn't know what was ahead of you, did you? A. No.

"Q. And that was the situation here? A. The dust wasn't as thick any place else that I encountered as it was at this place.

"Q. But that was the situation here, you couldn't see ahead of you at the time of this accident? A. No.

"Q. Did you see the sun that evening? A. I had seen it up to that, but it was very obscure from the dust.

"Q. The dust was that high? A. Yes.

"Q. You went ahead in this dust thinking you could get by all right without an accident? A. No, I was slowing down as fast as I could."

Another portion of this testimony was:

"Q. Now, before you came over the brow of that hill had it been dusty that day? A. Yes, immediately after a car it was very dusty.

344

"Q. You may just tell when you went over the brow of that hill what you saw and observed and what happened. A. As I was coming along vision was very fair until a car passed me and kicked up a dust, and as I came over the hill at that swale or valley there it seemed like there was a settled dust; it was quiet and very thick, and it was so heavy that I couldn't even see the sun; it was just a blur. And as soon as the car passed, I slowed down very much, and then when I come to that heavy cloud of dust I put on my brakes, and as I slid down there I saw a mass in front of me, and that is about all."

Touching the denseness of the dust immediately prior to the collision, the record discloses:

"Q. You never did see the truck prior to the collision, did you? A. I saw just a bulk just before we struck."

At the point of the collision defendant was traveling about thirty miles per hour. While traveling forty miles per hour, he could stop in fifty feet, and while traveling thirty miles per hour, he could stop in twenty-five feet.

From this record it is obvious defendant knowingly had been traveling in a cloud of dust which completely obscured his vision. It at least so completely obscured his vision that, in view of the speed of his car, he was unable to stop within the range of his vision. The general rule is well established that it is negligence as a matter of law for a motorist to operate his automobile on a highway at such speed that it cannot be stopped within the distance objects can be seen ahead of it. (*Chance v. Murray,* 143 Kan. 476, 54 P. 2d 981; *Berry v. Weeks,* 146 Kan. 969, 972, 73 P. 2d 1086; *Robinson v. Short,* 148 Kan. 134, 79 P. 2d 903; *Eldredge v. Sargent,* 150 Kan. 824, 832, 96 P. 2d 870, and cases therein cited.)

Defendant contends the instant case is an exception to the general rule. In support of his contention he cites *Giles v. Ternes,* 93 Kan. 140, 143 Pac. 491; *Abbott v. Wyandotte County,* 94 Kan. 553, 146 Pac. 998; *McCoy v. Pittsburg Boiler and Machine Co.,* 124 Kan. 414, 261 Pac. 30; *Barzen v. Kepler,* 125 Kan. 648, 266 Pac. 69; *Hayden v. Jack Cooper Transport Co.,* 134 Kan. 172, 5 P. 2d 837; *Williams v. State Highway Comm.,* 134 Kan. 810, 814, 8 P. 2d 946; *Womochil v. List & Clark Construction Co.,* 135 Kan. 695, 11 P. 2d 731; *Witte v. Hutchins,* 135 Kan. 776, 12 P. 2d 724; *Deardorf v. Shell Petroleum Corp.,* 136 Kan. 95, 12 P. 2d 1103; *Conwill v. Fairmont Creamery Co.,* 136 Kan. 861, 18 P. 2d 193; *Sponable v. Thomas,* 139 Kan. 710, 33 P. 2d 721; *Bergman v. Kansas City Public Ser. Co.,* 144 Kan. 27, 58 P. 2d 110; *Meneley v. Montgomery,* 145 Kan. 109, 64 P. 2d 550; *Watson v. Travelers Mutual Cas. Co.,*

146 Kan. 623, 73 P. 2d 64. He relies particularly upon the Conwill case. He contends that case is authority for the doctrine that a person who is suddenly blinded by lights of oncoming cars is not guilty of contributory negligence as a matter of law, if unable to stop his car in time to avoid a collision with a car parked ahead of him without lights. He therefore reasons he should not be held guilty of contributory negligence as a matter of law, where his vision is suddenly obscured by dust. The difficulty with defendant's contention is that his vision was not suddenly obscured by anything. The automobile which raised the cloud of dust passed him on this gravel road a quarter of a mile east of the point of accident. He deliberately proceeded to travel in this heavy cloud of dust and was still traveling at the rate of forty-five miles per hour when he reached the brow of the hill. His own testimony discloses that on the brow of the hill the entire road was covered with a cloud of dust and the dust continued to thicken. Notwithstanding the fact defendant could not see what was ahead of him, he continued 322 feet further and at a speed of between thirty and forty miles per hour. At that speed he was proceeding blindly. His vision was not suddenly obscured. He knowingly drove blindly at that speed and knowingly exposed himself to the dangers which might lie before him. In *Robinson v. Short*, 148 Kan. 134, 79 P. 2d 903, it was said:

"In the case before us plaintiff's evidence shows clearly that she was well aware as she drove along the highway that visibility was poor and that, notwithstanding, she continued to proceed, and for some distance drove when she could not see over three feet ahead of her car. Whether it would have increased her visibility had the headlights been lighted may be debatable, but if they would have helped she did not have them on. Because of the dust she drove in about the same circumstances as one would who drove an unlighted car on a dark night. That she did not correlate her speed with her ability to stop is clear, for she testified that as soon as she saw defendant's truck she put on her brakes, which were in good condition, but notwithstanding, she simultaneously hit the truck. We do not believe that reasonable minds could come to different conclusions respecting her negligence. Under the situation presented by the evidence, the trial court properly ruled that plaintiff was guilty of negligence which contributed to her injuries, and that defendant's demurrer to her evidence should be sustained." (p. 139.)

In the Robinson case the numerous authorities were reviewed and we deem it unnecessary to repeat that review. It is sufficient to say this case in our opinion does not fall within any of the exceptions to the general rule which requires a driver to correlate his speed with his ability to see and to stop. Exceptions to the general rule are

grounded on the doctrine that the exercise of ordinary care would not necessarily have prevented the accident. Defendant's evidence in the instant case clearly discloses he did not exercise ordinary care for his own protection. The fact plaintiff also may have been guilty of negligence does not absolve defendant of his negligence. As to his cross petition he is a plaintiff and his contributory negligence bars his recovery. The ruling on the demurrer must be reversed. It is so ordered.