No. 39,594

PAUL G. BREDEHOFT and THE TRAVELERS INSURANCE COMPANY, a Corporation, *Appellants*, v. THE HALLIBURTON OIL WELL CEMENTING COMPANY, a Corporation, THE VINCENT MOTOR COMPANY, a Corporation, E. M. STANLEY and JACOB MILBERGER, JR., *Appellees.*

(279 P. 2d 298)

Opinion filed January 22, 1955.

*Keith Eales* and *Payne H. Ratner, Jr.,* both of Wichita, argued the cause, and *Payne H. Ratner, Louise Mattox, Russell Cranmer, Dale B. Stinson, Jr., Carroll F. Pope, Starr Calvert, Jr., James D. White, Cliff W. Ratner, William L. Fry, A. Wayne Murphy* and *J. J. Weber,* all of Wichita, were with them on the briefs for the appellants.

*H. E. Jones,* of Wichita, argued the cause, and *A. W. Hershberger, J. B. Patterson, Richard Jones, Wm. P. Thompson* and *Jerome E. Jones,* all of Wichita, were with him on the briefs for the Appellees, Halliburton Oil Well Cementing Company and E. M. Stanley.

*William Tinker,* of Wichita, argued the cause, and *Getto McDonald, Arthur W. Skaer, Hugh P. Quinn* and *William Porter,* all of Wichita, were with him on the briefs for the appellees, The Vincent Motor Company, a Corporation, and Jacob Milberger, Jr.

The opinion of the court was delivered by

HARVEY, C. J.: On February 19, 1954, plaintiffs filed their petition in the district court of Sedgwick County to recover damages for personal injuries sustained by Paul G. Bredehoft, alleged to have resulted from the negligence of defendants The Halliburton Oil Well Cementing Company, a foreign corporation authorized to do business in this state and having its principal place of business in this state at Wichita, Sedgwick County, Kansas; its employee E. M. Stanley; The Vincent Motor Company, a Kansas corporation with its principal place of business in Russell County, and its employee Jacob Milberger, Jr.

The defendants Halliburton and Stanley filed a demurrer to the petition upon the ground that the petition did not state a cause of action in favor of plaintiffs and against the demurring defendants. The Vincent Motor Company and Milberger each filed a special appearance and motion to quash the summons against them upon the ground that they were served summons in Russell County and could not be so served in an action filed in Sedgwick County.

On April 14, 1954, after a hearing the trial court sustained the demurrer of the Halliburton Company and Stanley, and thereafter heard and sustained a motion to quash the service on the Vincent Company and Milberger. The appeal is from both of those orders.

We consider first the ruling of the court upon the demurrer. This calls for an examination of plaintiff's petition. The pertinent portions of this may be summarized as follows:

On March 2, 1952, the plaintiff Bredehoft was proceeding east on U. S. Highway 40, driving a 1951 Ford sedan at a speed of about 45 miles per hour. About 8:30 p. m. at a point about a mile and a quarter east of Gorham, in Russell County, he observed the taillights of a vehicle about a quarter of a mile ahead. The highway was straight and unobstructed by other traffic or vehicles. As plaintiff approached the vehicle it became apparent that part of

the vehicle was on the south shoulder of the highway and a part on the paved portion of the eastbound traffic lane, and it appeared to be halted. Plaintiff turned to his left to pass the vehicle. At that time plaintiff observed a vehicle halted ahead of the first observed vehicle. This second vehicle exhibited a red light which flashed intermittently. The first vehicle was a tractor and semi-trailer owned by the defendant Halliburton and operated by Stanley. The second vehicle was owned by Vincent Motor Company and operated by its employee Milberger. The tractor and trailer had "jack-knifed" on a patch of casual ice on the highway. The tractor was headed in a southeast direction with the tandem wheels on the paved portion of the highway; the semi-trailer was headed in a northeast direction, the front extended upon the paved portion of the highway and the rear extended southwest with the rear wheels off the paved portion and on the south shoulder of the highway. The wrecker was halted about 25 feet ahead of the tractor on the south half of the highway, headed west.

The petition alleges:

"As plaintiff approached the two halted vehicles he observed the defendant, Joseph Milberger, Jr., standing at the front of the said tractor. The said defendant signalled with his hand to the plaintiff, and plaintiff in response to the said signal, applied his brakes. The sudden application of the brakes of plaintiff's vehicle caused the vehicle to slide on the said casual ice on the highway adjacent to the tractor and semi-trailer owned by the defendant Halliburton Oilwell Cementing Company, and to collide with great force and violence with the left rear portion of said tractor."

It was alleged that as the consequence plaintiff sustained serious injuries which are detailed. It was further alleged the foregoing loss and damage incurred were directly and proximately caused by the following negligent acts of defendants. The negligence is charged in three paragraphs; (a); (b), and (c). The first two pertain to the negligence of Milberger. The third paragraph reads:

"(c) The stopping of the said tractor and semi-trailer upon the paved portion of the highway by the defendant Stanley in a dangerous and perilous position without setting out flares, or other signal devices, to warn approaching motorists, when he knew or should have known of the hazardous condition created by the combination of casual ice and the dangerous position of the said tractor and semi-trailer."

It is clear from the petition that the immediate cause of the accident was the fact that plaintiff applied his brakes in response to the waving of the hand of Milberger. It was not alleged in the

petition that Halliburton or Stanley had anything to do with Milberger's waving his hand. It was not alleged that Stanley knew, or should have known, that Milberger would wave his hand, or if he did that the plaintiff would apply his brakes in such a way as to have his car skid.

Counsel for plaintiff in their brief say, "The instant action is not brought under G. S. 1949, 8-5,108," the pertinent portion of which reads:

". . . (*b*) Whenever any motor truck and its lighting equipment are disabled during the period when lighted lamps must be displayed on vehicles and such motor truck cannot immediately be removed from the main traveled portion of a highway outside of a business or residence district, the driver or other person in charge of such vehicle shall cause such flares, lanterns, red reflectors, or other signals to be lighted and placed upon the highway, . . ."

stating where they should be placed. Obviously the reason plaintiff does not rely upon this statute is that two things must exist before flares are required to be put out, namely, the truck must be stopped on the highway after night with its lighting equipment disabled. See, *Rasing v. Healzer*, 157 Kan. 516 to 525, 142 P. 2d 832, where this section is analyzed as follows:

"It should be noted the section just quoted requires flares, lanterns or other signals to be put out 'whenever any motor truck and its lighting equipment are disabled' during the time when lighted lamps are necessary and when such motor truck cannot immediately be removed from the highway. It should also be noted that a fair interpretation of the section requires the conclusion that the truck must be parked or stopped to necessitate the putting out of flares, etc. It must further be noted such action is necessary only when the lighting equipment is disabled or for some other reason is turned off and not lighted, . . ." (p. 525.)

In this case the lights on the Halliburton rig were functioning. Plaintiff saw some of them when he was as far as a quarter of a mile away and when he came closer he could see the location of the trailer and tractor.

In their brief counsel for appellants advise us that this action is brought under the common law doctrine stated in 65 C. J. S., p. 592, § 84. The black type reads:

"A person responsible for a place, agency, instrumentality, or operation which is dangerous and likely to cause injury or damage must take due and suitable precautions to avoid injury or damage to persons or property rightfully in its proximity."

They refer also to 65 C. J. S., p. 1205, § 271, of which the black type reads:

"Generally, where the defendant knew or ought to have known of the defect or danger, the question whether he took reasonable and proper precautions to guard against injury to others therefrom is a question of fact for the jury, although it may be a question of law for the court where the evidence thereon is uncontroverted and subject to only one conclusion."

We think these provisions are not applicable here. The entire Halliburton rig was on the south half of the pavement. The north half of the pavement was free from obstructions with ample space for plaintiff to pass, and no doubt he would have done so had he not applied his brakes, which he did because Milberger signalled with his hand. As heretofore noted there is no allegation that Milberger did this because of anything Halliburton or Stanley said or did. They were not responsible in any way. Certainly Halliburton and Stanley were not responsible for the ice on the north half of the pavement. It is not specifically alleged that Halliburton or Stanley knew there was ice on the north half of the pavement. It is alleged that they "knew or should have known" the ice was there, but that should be interpreted only that they "should have known." See, *Miller v. Johnson,* 155 Kan. 829, 130 P. 2d 547.

Many cases are cited in C. J. S. under the sections above mentioned. We have examined many of them all of which deal with some defect on property owned or controlled by another. None deal with a situation such as we have here.

Appellants cite two cases: *Hautala v. Cochran,* 289 Mich. 409, 286 N. W. 663; and, *Johnson v. Overland Co.,* 227 Iowa 487, 288 N. W. 601. In each of those cases the trailer truck had jackknifed on an icy hill in such a way that it blocked the highway for other cars. They are not controlling here.

. We conclude that the petition does not state a cause of action against The Halliburton Oil Well Cementing Company and E. M. Stanley.

Plaintiffs in their brief concede that unless the petition states a cause of action against Halliburton and Stanley the court properly sustained the motion to quash the service filed by The Vincent Motor Company and Jacob Milberger, Jr. This concession is in harmony with our view. See, G. S. 1949, 60-509, and *Voelker v. Broadview Hotel Co.,* 148 Kan. 326, 81 P. 2d. 36.

The result is that the judgment of the trial court should be affirmed. It is so ordered.

Robb, J., not participating.