No. 42,586

CHESTER ANASTASI, *Appellee,* v. HAROLD McALLISTER, *Appellant.*

(369 P. 2d 244)

Opinion filed March 3, 1962.

*R. L. White,* of Pittsburg, argued the cause, and *R. L. Letton* and *J. Curtis Nettels,* both of Pittsburg, were with him on the briefs for the appellant.

*Pete Farabi,* of Pittsburg, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: This appeal involves an automobile accident in which the appellee was the plaintiff and received a verdict after a jury trial.

The defendant has appealed and first asserts that his motion for a directed verdict at the close of the evidence should have been

sustained because there was no evidence to show negligence on the part of the defendant.

We shall briefly examine the facts necessary to decide the questions raised.

This accident occurred on U. S. Highway 69 at a point about seven and one-half miles north of Pittsburg. At some 1480 feet north from the place of the accident is located Steve's Place, a gathering spot for the local gentry.

At about 8:45 p. m. defendant McAllister was called to the scene of a wreck where a car was in a deep ditch. Defendant arrived at the stalled car at 9 p. m. and placed his wrecker-work car in a proper position to pull the disabled car from the ditch. U. S. Highway 69 at this point is blacktop and twenty-one feet wide. The shoulders are not more than two or three feet wide. In effecting the removal, it was necessary for defendant to occupy part of the southbound lane of traffic on the highway. The wrecker was about eight feet wide and occupied some five feet of the paved highway. The wrecker had fourteen lights of red and white—some as large as four and six inches in diameter; some of the lights blinked off and on to draw attention. The back of the truck was painted black and white with reflector or phosphorescent paint and designed to reflect oncoming lights. In addition, the defendant placed a flagman back of the wrecker with a three-cell flashlight to signal cars around the wrecker.

At about 9 p. m. the plaintiff, who had been playing cards at Steve's Place, left for home. The evidence is conclusive that the plaintiff had not been drinking. The highway was absolutely dry; the night was clear but there was no moon. The plaintiff backed his car out into the highway and started south toward defendant's wrecker. He said he noticed no lights around the wrecker at that time. Plaintiff saw other cars approaching from the south. After he had traveled some 300 feet, lights from one of these oncoming cars blinded him. He blinked his lights to signal the other driver but received no relief and he continued to drive south at a slightly reduced speed.

The flagman equipped with the three-cell flashlight saw plaintiff approaching and attempted to direct plaintiff away from the wrecker by waving the light. Finally, he had to jump to keep from being run over. Plaintiff never did see the flagman.

Plaintiff said that when he was within from eight to ten feet of the wrecker, the blinding lights of the oncoming car passed and

he saw the wrecker for the first time but had no time to stop. He drove into the wrecker and claimed serious injuries.

The pleadings may be noticed enough to say that the defendant filed a cross petition for damage to the wrecker but has not appealed from that part of the judgment.

The sole question on the motion for directed verdict is was there any evidence of negligence on the part of the defendant?

It may be said that in a special question, the jury gave as the sole negligence of defendant the fact that flares were not put out.

The defendant frankly said he found the flares unsatisfactory and sent out the flagman with the flashlight instead. It should also be noted that G. S. 1949, 8-5,108, has been uniformly interpreted by this court to require flares only when a vehicle stopped on the highway has no lights. In the instant case, defendant's truck had fourteen lights bobbing and flashing. Moreover, how likely would plaintiff be to see a flare when he failed to see a three-cell flashlight being waved at him by the flagman?

The following cases, however, make the rule clear. (*Rasing v. Healzer,* 157 Kan. 516, at page 525, 142 P. 2d 832; *Brittain v. Wichita Forwarding Co.,* 168 Kan. 145, 211 P. 2d 77; *Bredehoft v. Halliburton Oil Well Cementing Co.,* 177 Kan. 382,385, 279 P. 2d 298.)

The trial court did not direct the jury as to the aforementioned rule concerning flares. The defendant made no request for an instruction on the rule and the court simply ignored the matter of flares although the testimony had mentioned them on a few occasions.

It must be said that there had been an unsupported verdict rendered. The jury was somewhat confused. But what possible negligence on the part of defendant was shown? There was testimony that defendant's truck was always observable by plaintiff for a distance of 500 feet and that the lights on it had at times been seen for three quarters of a mile. It *is* very difficult to understand why plaintiff failed to observe the truck.

In any event, plaintiff's blindness was over a considerable period of time. He cannot continue when he cannot see and must correlate his speed to his vision. This has been the rule of this court for many years. (*Harrison v. Travelers Mutual Cas. Co.,* 156 Kan. 492, 134 P. 2d 681; *Bottenberg Implement Co. v. Sheffield,* 171 Kan. 67, 229 P. 2d 1004; *Winfough v. Tri-State Insurance Co.,* 179 Kan. 525, 297 P. 2d 159; *Curtiss v. Fahle,* 157 Kan. 226, 139 P. 2d 827.) We think

that when plaintiff drove along the highway blinded by oncoming lights for nearly a half minute, he was guilty of contributory negligence as a matter of law, and that the court should have so held by granting judgment on the motion for directed verdict.

There are other matters in the briefs but in view of the above decision they need not be discussed in this opinion.

It may be noted that it is an old habit of some trial courts to always reserve for future consideration the motion for directed verdict. If the jury finds in line with the motion, the matter is over. Further mature consideration may indicate error in the verdict to the trial court. Furthermore, on appeal the appellate court is able to affirm the verdict if it is sustainable or it can order judgment for opposing party all without a new trial.

Under G. S. 1949, 60-3317, this court is able to make the order the trial court should have made. Therefore, the judgment for plaintiff must be reversed with directions to enter judgment for defendant on plaintiff's cause of action. It is so ordered.