**L. H. YOUNG, Appellant,**

v.

**C. L. VINCENT, d/b/a Vincent Trucking Company, Ennis Lee Hemphill, and Superior Insurance Company, a corporation, Appellees.**

No. 6991.

United States Court of Appeals
Tenth Circuit.

Oct. 30, 1962.

Thomas C. Boone, Hays, Kan., for appellant.

John E. Rees, Wichita, Kan. (Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Robert J. Hill and Gerrit H. Wormhoudt, Wichita, Kan., and Hugo T. Wedell and Homer V. Gooing, Wichita, Kan., of counsel, were with him on the brief), for appellees.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

LEWIS, Circuit Judge.

Plaintiff-appellant filed this action as one for damages arising from a motor vehicle collision between a passenger automobile driven by plaintiff and a stalled truck owned by the defendant trucking company, operated by its employee Hemphill, and insured by the defendant insurance company. The cause was duly removed to the United States District Court for the District of Kansas where, at the conclusion of plaintiff's case, the trial court held that plaintiff's own testimony precluded his recovery as a matter of law on the basis of contributory negligence and directed a verdict against him. This appeal followed and tests only the correctness of that order under the statutory and case law of Kansas. For such purpose the primary negligence of defendants is admitted and, although the specifics are not found in the trial court's ruling, consists of leaving an unlighted drab colored truck directly in the path of traffic using the southbound lane of U. S. Highway 283 at a point some fourteen miles south of Hill City. Plaintiff collided with the rear end of the truck and was severely injured as a result.

According to plaintiff's testimony he had traveled U. S. 283 many times and was generally familiar with the route. On the day of the collision he had left his home at Morland, Kansas, at about 5:45 a. m. and had covered some 28 miles in approximately one hour. During the entire trip his visibility had been impaired by a variable fog which was considerably more dense at low points in the road.[1] Visibility varied

---

1. At one point in his testimony plaintiff describes the general condition thus:
 "A. I would be driving along and I could see an eighth to a quarter of a mile, had that much visibility, and suddenly the drifting fog would, heavy sheet or cloud would drift right in. It was ground fog. It would suddenly just develop right in front of me and obscure immediately my vision. And then we would pass, I would

from a maximum of one-half mile to "practically nil." Plaintiff varied his speed between 40 miles per hour and 20 miles per hour depending upon his forward visibility. His lights were on dim to avoid the glare of reflection from the fog. Traffic was light and the pavement dry. Immediately preceding the collision plaintiff crested a knoll and became enveloped in fog which reduced his immediate visibility to about one rod. He reduced his speed by braking until it reached 20 miles per hour and continued down and forward at such speed for a distance he estimated to be "probably approximately between four and five hundred feet." He then collided ·with the stalled truck upon the up-grade portion of the draw and without ever seeing the hazard. The evidence indicated the unlighted truck had been blocking the westbound portion of the highway for about seven hours.

 It is fundamental that it is the duty of the trial court to direct a verdict when plaintiff's own testimony undisputably establishes contributory negligence as a matter of law. Anastasi v. McAllister, 189 Kan. 390, 369 P.2d 244; Kansas Transport Company v. Browning, 10 Cir., 219 F.2d 890. And it is equally fundamental that the existence of contributory negligence is a question of fact for the jury's consideration unless reasonable minds could reach but a single conclusion from the established facts with all reasonable inferences favoring the plaintiff. In the case at bar the evidence clearly and undisputably shows that plaintiff at the time of the collision was driving his vehicle at a speed which prevented him from stopping within the limits of his visibility. The correctness of the trial court's ruling is dependent upon whether this fact, when considered in light of the then existing circumstances, constitutes contributory negligence as a matter of law under Kansas law. And, in turn, the question must be answered by a consideration of whether the Kansas so-called "range of vision" rule is applicable in the instant case.[2] In support of the trial court's ruling, appellee relies heavily upon this court's decision in Kansas Transport Company v. Browning, 219 F.2d 890. We there held that a Kansas driver was guilty of contributory negligence as a matter of law when he drove his vehicle at such a speed as to be unable to avoid a rear-end collision with an improperly lighted truck which had stopped at a railroad crossing. The driver had, however, been following the truck, knew it was ahead of him and that it was unlighted. The existence of a known and special hazard distinguishes the case from the factual background of the case at bar. Here, plaintiff did not know nor could he know of the presence of the unlighted truck upon the highway.

The Kansas Supreme Court has had recent occasion to review its decisions regarding its "range of vision" rule and in our opinion has given a rather clear indication that the case at bar should have been submitted to the jury. In Drake v. Moore, 184 Kan. 309, 336 P.2d 807, that court considered a rear-end collision with an unlighted truck under physical conditions that impaired visibility. It was there stated:

"Decedent, while driving down the highway ●n a dark, rainy night, col-

pass through that as I moved on, slowing down just the minute that fog hit me, but it was not there for me to see beforehand to slow down previous to it. I had to make my reduction in speed at the time the fog hit. And it would take, sometimes take a little longer for it to clear across and for me to pass through it than other times. And it varied in density. Some of that fog was very dense and obscured the vision very heavily."

2. "The general rule is well established that the driver of a motor vehicle must keep his vehicle under such control as will enable him to articulate his speed with his ability to stop, or turn aside, within the range of vision provided by his headlights. This principle has been applied in numerous cases involving varied circumstances." Harrison v. Travelers Mut. Casualty Co., 156 Kan. 492, 134 P.2d 681; and cases cited.

lided with the rear end of a semi-trailer and truck that stood squarely in the middle of the traffic lane in which he was driving. There were no lights burning on the truck or trailer to warn oncoming motorists of such obstruction, as is required by law. The rear end of the trailer was a dull, drab and dirty color, making it difficult to be seen at night. The truck and trailer were stalled on an incline and the trailer was so high above the pavement level that it was above the range of decedent's headlights; as a result, the obstruction could not be seen until he was too close to avoid the collision.

"Under these facts and circumstances and in view of the presumption that decedent exercised due care for his own safety, it is clear that reasonable minds could differ on the question of whether decedent was guilty of contributory negligence. It was therefore a question of fact for the jury. Moreover, decedent, proceeding along the highway, had a right to assume there were no hidden, undisclosed defects, such as an unlighted truck, standing in the path of travel. The purpose of highways is for passage, travel, traffic, transportation and they are not maintained for the purpose of providing storage of automobiles. It is essential under our statute that an automobile or truck display a red light at the rear thereof which is visible at night, and its purpose is to provide a danger signal to overtaking traffic. A warning by proper lights is more necessary when the automobile is at rest than when it is in motion. (Citing cases.)

"After an analysis of the evidence in the instant case and in view of the foregoing rules of law, we are of the opinion that the 'range of vision' rule, * * * is not controlling herein. * * *" 336 P.2d at 812.

■ We are persuaded by the language in Drake that the question of plaintiff's negligence should have been submitted to the jury and that his own testimony did not establish negligence as a matter of law. Having the right to presume that no unlighted truck would block the highway plaintiff's conduct in driving at 20 miles per hour under the existing fog conditions must be tested against the standard of conduct of a reasonably prudent person under similar circumstances. The question is for the jury.

■ In addition to plaintiff's own testimony several other witnesses were called in his behalf whose expert opinions and testimony as to physical facts seriously conflicted, if deemed credible, with plaintiff's own version of the collision. Such additional evidence, when in conflict with plaintiff's own testimony, can neither weaken nor strengthen plaintiff's case as against a directed verdict. He is bound by his own testimony, Kansas Transport Company v. Browning, 10 Cir., 219 F.2d 890, and has a right to its most favorable version, Drake v. Moore, 184 Kan. 309, 336 P.2d 807.

The judgment is reversed.