No. 43,922

Barbara J. Briles, *Appellant*, v. C. J. Hurley, *Appellee*.

(399 P. 2d 840)

Opinion filed March 6, 1965.

*Patrick F. Kelly*, of Wichita, argued the cause, and *John C. Frank* and *James P. Johnston*, both of Wichita, were with him on the briefs for the appellant.

*Robert C. Foulston*, of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Malcolm Miller, Robert N. Partridge, Robert M. Seifkin, Richard C. Harris, Gerald Swatzky, Donald L. Cordes, Robert L. Howard, Charles J. Woodin, Mikel L. Stout, Ronald K. Badger*, and *Benjamin J. Langel*, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from a judgment sustaining a demurrer to the plaintiff's evidence in an action for damages resulting from a collision between an automobile and a harvester-thresher combine on an unimproved highway.

The salient facts may be stated thus.

On October 24, 1961, at approximately 6:00 p. m. the plaintiff was driving a 1958 Oldsmobile automobile south in the 400 block on South Main Street, in Haysville, Kansas. The street was not improved. The weather conditions were clear and dry. It was dark and the street was dusty. It was necessary to use lights but, even

then, the visibility was limited. Plaintiff's speed was approximately twenty miles per hour. As she proceeded on the west half of the roadway, the traveled portion thereof being approximately twenty-two feet wide, plaintiff observed two lights on the east half of the roadway, which appeared to her to be two bicyclists. It developed the lights were from the front of a Ford Tractor which, driven by the defendant, was pulling an unlighted combine north on the roadway. Unknown to the plaintiff the combine extended approximately four feet beyond the tractor wheels and onto her lane of traffic. As plaintiff passed the lighted tractor she collided with the combine and sustained personal injuries.

At the close of plaintiff's evidence defendant demurred to such evidence for the reason it failed to show facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, and affirmatively showed plaintiff guilty of contributory negligence.

The trial court sustained the demurrer without stating any particular reason for its ruling and order. Thereupon plaintiff perfected the instant appeal.

Appellee contends that the demurrer was properly sustained for two reasons which, as stated in his brief, said:

"1. Plaintiff's [appellant's] evidence fails to show defendant [appellee] guilty of actionable negligence.

"2. Plaintiff [appellant] is guilty of negligence as a matter of law which bars recovery."

In support of his contention that appellant's evidence fails to show him guilty of actionable negligence appellee makes rather a unique and ingenious argument. He concedes that appellant's evidence established the two acts of negligence on which she relies. In this connection appellee states:

"In seeking to establish negligence on behalf of defendant, plaintiff relies on two acts—

"1. Failure to have lights on the *combine.*

"2. Having a portion of defendant's combine on plaintiff's side of the road. There is no question but that the evidence most favorable to the plaintiff establishes both of these facts (albeit, the record contains contradictory evidence.)

"The question then arises as to whether this is a violation of a duty owed by defendant to plaintiff."

Appellee next contends that the legislature has completely exempted those operating implements of husbandry on highways from common law negligence and that a farm implement may with impunity be pulled down a highway at night without lights and ex-

tending over the center of the road. In support of this position he relies on K. S. A. 8-580 (*b*) which exempts implements of husbandry from the application of the provisions pertaining to equipment and lights and K. S. A. 8-5,113 (*c*) which exempts implements of husbandry from the provisions of the act governing size, weight and load.

The statutes may exempt farm machinery from certain fixtures, specific types of lights and the over-all size required of motor vehicles by the uniform act regulating traffic on highways. It would be quite impossible for farm machinery to conform to the size of motor vehicles and maintain its usefulness. It would serve no useful purpose to place lights on farm machinery to conform to motor vehicles. Lights must be on the outer-most edge of the equipment or vehicles on the highway to be effective. It was for these reasons that the act regulating traffic on highways exempted implements of husbandry from the operation of the act. However, the act did not exempt those taking implements of husbandry upon the highways from the application of the law of the road which is a general rule that the common law duty of due care for the safety and rights of others rests upon anyone taking machinery or vehicles upon the highway. The exemption was not an open invitation to go upon the highways and commit mayhem with reckless abandonment.

We are cited to and know of no case in this jurisdiction passing on the specific question now under consideration, hence we adhere to the general rule announced in 60 C. J. S., Motor Vehicles, § 371, p. 923, which reads:

"The exemption granted under particular statutes and ordinances is not absolute, but is based on certain conditions, and the fact that a particular vehicle is either expressly or impliedly exempted from the operation of traffic regulations does not relieve the operator of such vehicle from the duty of exercising due care to prevent injury to others, or to himself, nor, under a statute so providing, does it protect the driver from the consequence of an arbitrary exercise of the privileges granted, or a reckless disregard of the safety of others."

The rule has also been announced in 7 Am. Jur. 2d, Automobiles and Highway Traffic, § 358, p. 904, as follows:

"In a number of jurisdictions, regulatory provisions granting special highway privileges to operators of emergency vehicles do not wholly exempt them from liability for negligence, but require that such operators exercise at least some degree of care while enjoying the privileges conferred. In some instances, operators of emergency vehicles are required to operate them with due re-

gard for the safety of others using the street. In some jurisdictions this has been held to mean that the conduct of emergency vehicle operators should be measured by exactly the same yardstick as that of other drivers, and although the urgency of their missions demands that they respond to calls with celerity, and when giving audible signals they are, within limitations, relieved from various traffic regulations, they are bound to exercise reasonable precautions against the extraordinary dangers of the situation that the proper performance of their duties compels them to create, reasonable care being a relative term depending upon the situation of the parties and the degree of care and vigilance which the circumstances reasonably impose. It has been held that the requirement of due regard for the safety of others using the street is not satisfied by merely giving an audible signal."

Appellee relies heavily on the case of *Thompson v. Ford,* 164 Ohio St. 74, 128 N. E. 2d 111. That case dealt with a statute permitting automobiles to be parked on lighted streets without displaying lights and has no application to the facts before us.

Finally appellee contends that appellant's evidence shows her guilty of contributory negligence as a matter of law. In support of this contention he relies on our numerous decisions holding a driver guilty of contributory negligence, who rammed into the rear of a stopped or slow moving vehicle, because of failure to correlate speed and ability to stop with ability to see. (*Anastasi v. McAllister,* 189 Kan. 390, 369 P. 2d 244; *Home Insurance Co. v. Boehm,* 170 Kan. 593, 228 P. 2d 514; *Harrison v. Travelers Mutual Cas. Co.,* 156 Kan. 592, 134 P. 2d 681; *Wright v. Nat'l Mutual Cas. Co.,* 155 Kan. 728, 129 P. 2d 271; *Goodman v. Wisby,* 152 Kan. 341, 103 P. 2d 804; *Eldredge v. Sargent,* 150 Kan. 824, 96 P. 2d 870; and *Chance v. Murry,* 143 Kan. 476, 54 P. 2d 981.) We are forced to conclude that the rule announced in the foregoing decisions has no application to the facts presented in the case at bar.

Appellant did not collide with a vehicle which was stopped or proceeding slowly down the highway. She was struck by a vehicle or a machine which was proceeding down her side of the road, in the wrong direction, at night and without lights. True there were lights on the tractor but there were no lights on the combine it was pulling and the combine extended over on the wrong side of the highway. The record fails to disclose how appellant's correlation of her speed and ability to stop with her ability to see would have avoided the accident. During the course of her examination as a witness appellant was asked questions to which she made answers as follows:

"Q. Through her headlights how far down the road could she see?

"A. I could see the two little lights on the east side of the road that I thought was a bicycle with a couple of boys on because they were real small and close together. They were not car lights.

"Q. Now, as nearly as you can tell me, can you tell me how far down the road you could see in your best judgment?

"A. As I saw the lights.

"Q. As you were traveling down through the dust?

"A. *Well, I would say it was about a car length ahead of me as the lights came around the bend that I saw.*

"Q. I am not trying to quarrel with you. I am trying to find out how far ahead of your car could you see your headlights?

"A. About a car length ahead of me." (Emphasis supplied.)

From the foregoing evidence it would appear that even though appellant had come to a complete stop she would have been struck by the oncoming combine. Under such circumstances we must conclude that the evidence did not establish contributory negligence on the part of the appellant as a matter of law.

While appellant was proceeding along the highway she had the right to assume it was safe and that there were no hidden undisclosed defects, such as an unlighted machine approaching on the wrong side of the road without lights.

What has been heretofore stated and held compels a conclusion the demurrer to appellant's evidence was erroneously sustained.

The judgment is reversed with instructions to grant a new trial.